BOOKER PICKREL

*v.*

LAURA ROSE.

1. RESCISSION OF CONTRACT—*written proposition accepted excludes verbal offers.* A verbal proposition for the rescission of a contract for the sale of land is superseded by a written proposal, given at the instance of the other party, which is kept, without notice of its rejection, and possession is taken under the same. The verbal propositions being excluded by the written one, can not be admitted in evidence.

2. CONTRACT—*acceptance of proposal by acts.* A party can not accept a part, only, of a written proposition for a contract, and at the same time rely on a portion of the antecedent verbal offers; and if such party acts under a written proposal, and avails himself of all the rights and privileges it confers, this will show an acceptance.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. DOUGLASS & HARVEY, for the appellant.

Mr. F. S. MURPHY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

About the 5th of November, 1875, appellant sold seventy acres of land to the husband of appellee, for $1600. The purchaser paid $800 at the time, and gave his notes for the balance, payable in five equal annual installments, of $160 each, with interest. Appellant gave a bond for a conveyance on the payment of the money, but time of payment was made of the essence of the contract; and it was expressly stipulated, that in case of failure therein the intervention of equity should be forever barred. A few days after this contract was executed the purchaser died, and no administration on the estate has been granted.

In January or February, 1876, appellee, the widow of the deceased purchaser, saw appellant, to ascertain if arrangements could be made to rescind the contract, and receive back the purchase money. She claims it was agreed that she should go on the place, and if unable to pay the note first falling due, appellant was to cancel the agreement and pay her $500, without rent for the time the premises were thus occupied. This appellant most emphatically denies, but says he made and delivered to her this written proposition :

         " *Wataga, Ill., Feb.* 27, 1875.

"This is to certify that I, having heretofore offered to Mrs. Laura Rose $500, and the notes that I now hold against her deceased husband, G. V. Rose, for the seventy acres of land sold by me to him last fall, if she wished to let me have the possession now, or if she wishes to keep the place this year, to live on and work the same till next fall, I will, in the meantime, try to assist her in the selling of the place, if she chooses then to sell, or if she wishes me to take back the place,

and make the offer good as above, the use excepted, at any time within one year.

"Given under my hand, the date above written.

BOOKER PICKREL."

Learning that the proposition would require the payment of rent if the contract should be rescinded, she again saw appellant some days afterwards, and asked him to change it so as to state that rent would not be claimed, but this he declined to do; but she nevertheless went into possession until the following November, when she informed appellant she "guessed" she would have to surrender up the place, as she could not raise the money to meet the payments, and she seems to have removed from the place, but did not take with her all of her property, nor did she return the key or make any formal surrender of possession, or notify appellant that she had left. She denies that she ever accepted this proposition, but she nowhere states that she ever notified appellant that she rejected it. The jury on the trial found in her favor, and assessed her damages at $537.08⅓, and after overruling a motion for a new trial, the court rendered judgment on the verdict, and defendant appeals.

Appellee contends, that there was a verbal proposition made at the time to take back the property and pay her $500, without claiming rents, if she could not make payment, and it ·is claimed that she may recover under that, notwithstanding the written proposition. We regard this position as clearly incorrect. She, by her own testimony, shows that she was unwilling to receive and rely on a mere verbal proffer, and required it to be reduced to writing and signed by appellant. She nowhere claims she ever notified appellant that she rejected the written proposition and relied on what she claims as having, before it was made, been verbally proposed. The rule is, that all antecedent verbal propositions and discussions are, so far as agreed upon by the parties, incorporated into the written contract, and all else is intentionally excluded, and verbal evidence can not be heard to contradict or vary the terms of

the written agreement, and the rule applies with equal force to written propositions for a contract. The party must accept or reject them in the terms they are made. He has no power, without the assent of the party making them, to accept a part of the written terms and a portion of the antecedent propositions.

Here, appellee required and received written propositions, and afterwards went back to appellant to have them changed or explained, but she says he refused to make any change. She does not pretend that when he refused to make the change she rejected them, but she seems to have, undoubtedly, accepted them in fact although not in terms, as she, under that proposition, took possession of the land, and occupied it until the first note fell due. We say she entered under this proposition, because the bond does not authorize the purchaser to enter, and no other arrangement or authority is shown to enter. She then, by her acts, accepted the terms of this written proposition, because she acted under it and availed herself of all the rights and privileges it proposed to confer, if accepted.

But she claims, that when she returned to have the instrument explained or changed, although appellant refused to make any change, he said it did not mean that if she failed to make payment she should pay rent. This he denies, but says he informed her that if she sold the place or complied with the contract there would be no rent claimed. The agreement, in terms, states, that he had offered her $500 for a rescission at that time, and if she wished to retain the place for that year, and work it till fall, he would assist her in selling it, if she then chose to sell, or if she wished him to take back the place he would make the offer good, the use excepted. We can conceive no reason why he would offer to postpone a rescission for one year, lose the rents or the interest on the purchase money, and then pay as much as he would for a rescission at the time of the offer. Under his bond he had only to permit the time for the first payment to fall due, and if not paid rescind the contract, and retain all the money

paid and hold the land, as the contract was that even equity should be barred from granting relief. Why, then, as a gratuity, extend his proposition to another year? He was not bound, under his agreement, to restore the purchase money, or any portion of it, but had the legal right to insist upon his contract; and when he voluntarily made a proposition, as he did, he should not be compelled to perform terms not embraced in it.

Written instruments must have accorded to them some binding force. They can not be annulled on every slight pretext, or on uncertain and indefinite evidence. To produce that result it should be clear and convincing. Here, appellee testifies that appellant placed a construction on the words " the use excepted," entirely different from their ordinary meaning, and the sense in which they are obviously used in the instrument. This appellant most positively denies, and in this conflict the instrument must determine the dispute. It sustains appellant's version, because she had, as she says, previously been unwilling to rely upon his verbal proposition, but gives no reason, when he expressly refused to change the words, why she was, in the face of the refusal, willing to accept and act on his verbal statement explaining it.

All the evidence considered, we are clearly of opinion the written proposition was not only not rejected, but that it was accepted, and its terms must govern the rights of the parties. The finding was contrary to its provisions, and the court below erred in not granting a new trial. The judgment must be reversed and the cause remanded.

*Judgment reversed.*