(34 Misc. Rep. 547.)

### FINCK v. SCHAUBACHER.

(Supreme Court, Appellate Term. April 22, 1901.)

1. CONTRACTS—PAROL EVIDENCE VARYING WRITTEN CONTRACT.

In an action on a written contract to recover commissions defendant agreed to pay for procuring a loan on a second mortgage, where the negotiations failed because the defendant could not give a second mortgage, parol evidence that defendant had informed plaintiff, before the loan was attempted to be effected, that there were already two mortgages on the property, was erroneously received, since the same varied the terms of a written instrument.

2. SAME—INSTRUCTION BASED ON IMPROPER EVIDENCE ERRONEOUS.

An instruction based on inadmissible evidence is erroneous.

Appeal from municipal court, borough of Manhattan, Seventh district.

Action by John Finck against George Schaubacher. From a judgment of the New York municipal court in favor of the defendant, plaintiff appeals. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

William R. Bronk, for appellant.

Max Steinert, for respondent.

CLARKE, J. This is an action to recover a broker's commissions for procuring a person ready, able, and willing to make a loan on bond and mortgage. The contract was in writing under seal, signed

by the defendant, and was an application for $1,000 on a second mortgage at 6 per cent. for 1½ years, bond of defendant; location, 316 East Forty-Fourth street; present mortgage, $10,660, at 5 per cent., held by Mrs. Downey,—and provided for the payment of 15 per cent. brokerage fee. A lender was procured, ready, able, and willing to perform, but, upon examination of title, an additional mortgage to the one set forth in the application was discovered, which, if undisposed of, would have made the proposed $1,000 mortgage a third mortgage, instead of a second. The lender was unwilling to take a third mortgage, the defendant was unable to get rid of the existing second mortgage, the negotiations fell through, and the broker sued for his commission. Upon the trial, defendant offered evidence tending to show that, prior to the making of the written contract, defendant disclosed the fact that there was an existing second mortgage on the property, and that the contract was made by plaintiff with knowledge of that fact. This evidence was admitted over objection and under exception, and the case was sent to the jury under a charge, duly excepted to, which submitted to the jury the question as to whether or not plaintiff knew of this second mortgage at the time of the making of the contract, and instructed the jury, in effect, that, if they found that the defendant did tell plaintiff that there was a second mortgage, plaintiff could not recover. In this there was obvious error, as the evidence directly tended to vary the written contract, and the instruction entirely ignored the binding effect of that contract. Even if the plaintiff had known of the existence of a second mortgage, non constat but that the owner would have so arranged matters as to have substituted the proposed mortgage for it; in fact, some efforts were made in this direction. The contract was plain, detailed, and explicit. Plaintiff did all he was required to do thereunder. Written contracts are not to be rendered meaningless and abortive by parol evidence under such circumstances as are disclosed in this case.

Judgment reversed, and new trial ordered; costs to abide event. All concur.