## Masonic Temple Safety Deposit Company v. William L. Langfelt, et al.

### Gen. No. 11,437.

1.  NON-JOINDER—*when, cannot be availed of in an action ex delicto.* The non-joinder of plaintiffs in an action *ex delicto* cannot be availed of under the plea of the general issue except in so far as the amount of the recovery is concerned.

2. REASONABLE CARE—*what constitutes.*  What constitutes reasonable care in a particular case depends upon the circumstances, upon the nature of the company's undertaking, upon the confidence which it invites, and upon the value and character of the deposit entrusted to its care.                                                                                   9

3. ADMISSIONS—*what competent by way of.*  A letter of a president of a corporation, as well as his verbal statements respecting matters material to the issue, are competent evidence against the corporation represented by such president.

Action of trespass on the case.  Appeal from the Circuit Court of Cook County; the Hon. EDWARD P. VAIL, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1903.  Affirmed. Opinion filed January 20, 1905.

**Statement by the Court.**  This suit was originally brought by the Amalgamated Wood Workers' Council, by trustees, to recover from appellant money claimed to have been abstracted from a safety deposit box in appellant's safety deposit vaults, by reason of appellant's negligence. The declaration was subsequently amended, making plaintiffs all members of the Amalgamated Wood Workers' Council.

There is evidence tending to show that some years prior to the alleged loss the Amalgamated Wood Workers' Council had rented a safety deposit box in the night vault of appellant, to which safe only the secretary of the Wood Workers' Council had access.  As new secretaries were from time to time appointed, the new secretary was given access to the vault in the place and instead of the retiring officer. In January, 1901, a new secretary, John G. Meiler, was elected by the council.  In due time the name of the former and retiring secretary was removed from the identification card provided by appellant for use by its customers, and the name of the new secretary, Meiler, was substituted, thereby giving the latter the sole right of access to the box. At the same time the customers' keys to the box were, it is said, turned over to the new secretary.

The suit is brought to recover damages for amounts claimed to have been lost or abstracted from the safety deposit box during April, May and June, 1901.

There was testimony tending to show that the president of appellant, in conversation with several persons representing appellees, admitted that he believed he knew the guilty party, but would not tell who he was or how he obtained access to the vault; and that the president repeatedly enjoined appellees' representatives to keep quiet and say nothing about it. The following letter was introduced in evidence:

"CHICAGO, September 18, 1901.

MR. JOHN G. MEILER, City.

DEAR SIR:—I have carefully examined your claim that the box controlled by you in the safety vaults has been tampered with and a portion of its contents removed. A thorough investigation leads me to the conclusion that other persons, or at least another person, has had access to the box, by means of proper keys, and a similarity of signatures, and that your claim that the contents has been tampered with is correct. I also believe that I have information that will lead in the very near future to a complete and definite knowledge of the facts, and the recovery of whatever has been taken. I therefore advise absolute inactivity on your part, until the information I have and the theories thereon formed have been verified or disproved.

Very respectfully,

E. WILLIAMS."

The jury returned a verdict assessing damages against appellant, and judgment was entered accordingly, from which this appeal is taken.

W. A. BITHER, for appellant.

MATHER & HUTSON, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant urges as ground for reversal, that there is a non-joinder of parties plaintiff. There is testimony tending to show that the twenty-five plaintiffs, of whom the secretary, Meiler, is one, composed the entire membership of the Amalgamated Wood Workers' Council at the time the suit was begun. It is claimed, however, in appellant's behalf, that the only persons who could bring the suit were those

who were members of the council at the time of the alleged loss, and some of them are not shown to have been joined as plaintiffs. No question is raised apparently as to the right of the members of the council as then constituted to maintain the action, but it seems to be so understood on both sides. The contention is that as new members were elected to the council by the general body of Amalgamated Woodworkers from time to time, a new partnership was thereby created, and the incoming partners had no right of action on obligations to their predecessors. That this might be true as to members of a copartnership, and that an unincorporated company is, generally speaking, fundamentally a partnership in law, is not denied. Dicey on Parties, 2nd ed., p. 170, side p. 149; Bates on Partnership, sec. 1018; Snell v. De Land, 43 Ill. 323; Fish v. Gates, 133 Mass. 441. The membership of the council consisted of delegates, some of whom were elected every six months by the local unions. The plaintiffs were all members of the council in January, 1902, although it does not appear that they constituted the entire membership when the loss occurred. Five or six of them appear to have been newly elected, presumably replacing some of those who were former members. Apparently there may have been not only a non-joinder but a mis-joinder of plaintiffs as well, but if so, the latter point is not raised, and the evidence upon it is not clear. " In an action for tort, a non-joinder of plaintiffs gives rise to a plea in abatement; a mis-joinder of plaintiffs leads only to increased costs." Dicey on Parties to Actions, Rule 117, p. 530. In Johnson v. Richardson, 17 Ill. 302–303, it is said : " The proper plaintiffs in actions in form *ex delicto* for injuries to, loss or destruction of property, are all the joint owners of such property; but where the remedy adopted seeks the recovery of damages, and not the specific thing, the non-joinder of one or more of the joint owners can only be taken advantage of to defeat the action by plea in abatement." In the case at bar the plea is the general issue, and the non-joinder under that plea could only be available to lessen the plaintiffs'

damages. No objection is made on that ground to the amount of the judgment. The action is in form *ex delicto*.

Appellant argues that it was not an insurer of the safety of the property placed in the safe deposit boxes in its custody, but as bailee for hire was bound to use only such diligence as men of common prudence usually exercise about their affairs, citing Mayer v. Brensinger, 180 Ill. 110–114. We are of opinion that the evidence warranted the finding of the jury that appellant was guilty of negligence resulting in loss of money from the box rented to appellees. It was admitted by the president of appellant that appellees' claim that the box had been tampered with was correct. In the case last cited it is said that a safe deposit company " will be held to at least ordinary care in keeping the deposit." What constitutes reasonable care in the particular case depends upon the circumstances, upon the nature of the company's undertaking, upon the confidence which it invites, and upon the value and character of the deposit entrusted to its care. See Gray v. Merriam, 148 Ill. 179–186. A safe deposit company holds out to the public the implied agreement that property placed in its custody will be protected, so far as reasonable human foresight will permit, from the ordinary dangers to which valuables, whether in the shape of money, bonds, jewelry or other forms, are exposed, through the cupidity and daring of those who, as experience shows, are always on the lookout to possess themselves of the property of others by fraud or criminal violence. It was for the jury to determine whether permitting a person other than the owner to obtain access to the box by " proper keys and a similarity of signatures," under the conditions in evidence, was negligence on the part of appellant, and that it was *prima facie* evidence of such negligence they were surely justified in concluding. Safe Deposit Co. v. Pollock, 85 Pa. St. 391–393.

We are unable to concur in appellant's contention that the declaration fails to set forth facts from which the law will imply a duty. It recites the nature of appellant's business as a safety deposit company, keeping and operating safety deposit vaults a safe in which was rented to

appellee in which deposits were made for safe keeping in conformity with the purposes for which the safe was rented, but which deposits were not safely kept.

We need not review all the evidence. The letter from appellant's president and the evidence as to his admissions were, so far as appears, in the discharge of his duties. That evidence was properly admitted. C., B. & Q. Ry. Co. v. Coleman, 18 Ill. 298–299; L. S. & M. S. Ry. Co. v. B. & O. Ry., 149 Ill. 272–289.

The contention that the verdict is against the weight of the evidence, and that the evidence fails to show that appellees lost any money, we cannot agree with. There is evidence amply sufficient to sustain the finding of the jury. Objection is made to the modification and refusal of certain instructions. We find, however, no material error, and deem it unnecessary to extend our opinion by the consideration in detail of the objections urged.

The judgment of the Circuit Court must be affirmed.

*Affirmed.*