[No. 8737.    Department One.    August 8, 1910.]

FRED N. PATTERSON, *Appellant*, v. WENATCHEE CANNING

COMPANY, *Respondent*.[1]

BAILMENT—CONTRACTS— SUFFICIENCY — PAROL EVIDENCE— PLEAD-
INGS—ISSUE. A brief written memorandum reciting that defendant
rented to plaintiff a certain cold storage room for storing beef at a
certain price, to begin at a certain time, does not create a complete
contract of bailment, rendering the defendant liable for negligence
in maintaining the storage at the proper temperature; and it may be
shown by parol that it was contemporaneously agreed that the de-
fendant should not have possession of the meat, but that the plaintiff
should have complete control and possession of the room and direc-
tion over the temperature.

WAREHOUSEMAN—NEGLIGENCE—DEFENSES—PLEADING—ISSUES.    In
an action against a warehouseman for loss sustained by reason of
negligence in failing to keep beef in sold storage at a proper tem-
perature, an answer, affirmatively alleging that it was agreed in
renting the cold storage room to plaintiff that plaintiff should have
complete control and possession of the room and should and did
direct its refrigeration, raises the issue that the loss occured through
the plaintiff's fault.

Appeal from an order of the superior court for Chelan
county, Ronald, J., entered January 7, 1910, granting de-
fendants a new trial in an action on contract, after a trial
and the verdict of a jury rendered in favor of the plaintiff.
Affirmed.

*Reeves & Reeves*, for appellant.

*Ludington & Kemp*, for respondent.

GOSE, J.—There was a former appeal in this case. *Patter-
son v. Wenatchee Canning Co.*, 53 Wash. 155, 101 Pac. 721.
The case was tried to a jury, resulting in a verdict and judg-
ment for the plaintiff. The plaintiff prosecutes this appeal
from an order granting a new trial. A succinct statement of
the admitted facts and issues is essential to a proper under-
standing of the case. The respondent is the owner and

[1]Reported in 110 Pac. 379.

proprietor of a cold storage plant, and on October 30, 1906, it executed a written memorandum of agreement as follows:

"Wenatchee, Wash., Oct. 30, 1906.

"Agreement entered into between the Wenatchee Canning Co. and Fred N. Patterson, said canning company renting to Mr. Patterson cold storage room No. 3 to be used for storing beef. Consideration $100 per month, or in proportion to that amount according to space used. Rental to commence Monday, November 5, 1906.

"Wenatchee Canning Co., per L. G. Olds."

About November 18 following, the appellant placed a quantity of fresh meat in respondents' cold storage room No. 3, a large part of which decayed and became unfit for use. Appellant alleges that the loss occurred through the failure of the respondent to keep the room at a proper temperature, and through its failure to keep pure, fresh air circulating through it. The respondent denied these charges of negligence, and averred affirmatively, in substance, that, at the time of executing the memorandum agreement and subsequent thereto, it was agreed that the appellant should have complete control and supervision of the room, and that he should, and did, direct the manner in which it should be refrigerated and aired. This is put in issue by the reply. During the progress of the trial the respondent sought to prove the facts alleged in its affirmative defense and the evidence was excluded, the court being of the opinion that upon the former appeal we had held that the memorandum was a complete contract of bailment. In considering the motion for a new trial, the court concluded that it had erred in excluding the evidence.

The appellant contends, that we ruled upon the former appeal that the writing was complete in itself; that it created a bailment and gave the bailee the exclusive possession of the property; and that evidence of a parol contemporaneous or subsequent agreement is inadmissible to establish the facts affirmatively pleaded in the answer. In this respect we think counsel has misconstrued our former opinion. What we held

was that the record, the writing, and the parol testimony, admitted without objection, established the bailment. We did not hold that the writing itself had that effect. Indeed, a reference to the memorandum will disclose that it is incomplete. There could be no bailment until the meat had been stored. The storage did not take place until some two weeks after the writing was signed. It is well settled that a bailee may by contract exempt himself from liability except for his own fraud or negligence. 5 Cyc. 175. In this case the testimony of the appellant discloses that the respondent did not have the exclusive possession of the meat. It gave no receipt, and the appellant stored and withdrew it at his pleasure. A special contract of bailment prevails against general principles of law applicable, in the absence of an express agreement. *Butler v. Greene*, 49 Neb. 280, 68 N. W. 496.

We think the issues presented for determination were: (1) What was the contract; who was to direct the temperature of the room, the placing of the meat, and the circulation of the air? and (2) if there was no express contract, then it was the duty of the respondent to use reasonable care for the preservation of the property. The determination of the first question depends, not upon the memorandum alone, which is little more than a receipt, but upon it and parol testimony as to the entire contract contemporaneous with and subsequent to the execution of the memorandum. In *Hirsch v. Salem Flouring Mills Co.*, 40 Ore. 601, 67 Pac. 949, 68 Pac. 733, it was contended by one party that a warehouse receipt in the following language:

"No. 1769.

"Salem Flouring Mills Co., Salem, Oregon, Sept. 11, 1897.

"Received in store for account of Fleischner, Mayer & Co., two hundred and twenty-nine and sixteen-sixtieths bushels of merchantable wheat in bulk, subject to their orders (damages by the elements excepted), on or before the first day of July next, on payment of two and one-half cents per bushel storage, and three and one-half cents per bushel for sacks, and the return of this receipt properly endorsed. The wheat be-

ing delivered on boat or cars sacked.  It is understood and
agreed that the Salem Flouring Mills Co. are to have the
first refusal of said wheat.   .

"Bushels, 229 16-60.

"Salem Flouring Mills Co., Per Holland."

was the entire contract; whilst the other asserted that the
receipt did not contain all the terms of the contract under
which the grain was received and accepted.  The trial court
took the view that the receipt was the entire contract between
the parties, and could not be contradicted or varied by parol.
It was held, that the pleadings made an issue as to whether
the receipt contained the terms and conditions upon which the
grain was delivered and received; that to the extent that the
receipt is silent as to the terms of the contract, it may be
shown by parol, and that when its language is ambiguous or
uncertain it must, like other contracts, be open to parol tes-
timony and interpreted in the light of surrounding circum-
stances.

As an illustration of the issue, let us suppose that A gave
B a receipt, stating that he agreed to pasture a certain
number of cattle for the latter for a definite period of time
at a fixed price.  In a suit by the latter for damages for loss
of the cattle on account of defective fences or insufficient
water, it would be competent for A to prove that, at the time
of signing the receipt, it was agreed that B should maintain
the fences and attend to watering the cattle.  Such evidence
would supply that which was omitted from the contract,
rather than vary its terms.  If loss occurred from the failure
of the appellant to use ordinary care in handling or inspect-
ing the meat, or in directing the refrigeration of the room,
if these duties were put upon him by the contract as the
answer avers, he cannot recover.  In other words, he cannot
recover if the loss occurred through his own fault or neg-
ligence.  *Taussig v. Bode & Haslett*, 134 Cal. 260, 66 Pac.
259, 86 Am. St. 250, 54 L. R. A. 774.

The appellant insists that this issue is not presented by the

pleadings.   With this view we cannot concur.   As we have seen, it is affirmatively pleaded that, by the terms of the contract, the appellant was to have complete control and supervision of the room, and was to, and did, direct the temperature at which it should be kept.

If the duty to maintain the room at a proper temperature was devolved upon the respondent by express contract, it was required to use reasonable care to preserve the meat.  It would be subject to the same duty if there was no express contract. What constitutes reasonable care varies with the business of the bailee and the nature, value, and situation of the property.   *Preston v. Prather*, 137 U. S. 604.

The judgment is affirmed.

RUDKIN, C. J., MORRIS, FULLERTON, and DUNBAR, JJ., concur.