[No. 10222.   Department One.   July 9, 1912.]

AMHERST INVESTMENT COMPANY, *Appellant*, v.
GEORGE F. MEACHAM *et al.*, *Respondents.*[1]

EVIDENCE—PAROL TO VARY WRITING. Where a contract employing
an agent to take charge of specified property was plain and explicit
in defining the agent's duties, parol evidence that he in addition
at the time agreed to pay certain rents for the employer is in-
admissible as varying the terms of the writing.

CONTRACTS —CONSTRUCTION —— CONTEMPORANEOUS MEMORANDUM.
Where a contract is complete in itself, a memorandum of the sub-
ject-matter prepared by one party for his own convenience is in-
admissible to aid in its construction, when the contract did not
refer to the memorandum and the two were obviously independent
of each other.

CONTRACTS—ACCEPTANCE—SIGNING. Where a signed offer of em-
ployment is accepted, the contract is complete although not signed
by the other party.

CONTRACTS—CONSTRUCTION BY PARTIES—EVIDENCE—ADMISSIBILITY.
The acts of the parties, as tending to show their interpretation of a
contract, are not admissible where the contract was dated January
5, and the alleged breach occurred February 8, following, the con-
tract was not ambiguous, and no practical interpretation put upon
it by one party had been acquiesced in by the other.

Appeal from a judgment of the superior court for King
county, Main, J., entered September 29, 1911, upon the ver-
dict of a jury rendered in favor of the defendants, in an
action for damages for breach of contract.   Affirmed.

*Robert F. Booth* and *A. J. Falknor*, for appellant.
*Peters & Powell*, for respondents.

GOSE, J.—This is an action to recover damages from a
real estate broker.   There was a judgment for the defend-
ants.   The plaintiff appeals.

[1]Reported in 124 Pac. 682.

On January 5, 1909, the appellant executed and delivered to the respondent George F. Meacham the following written instrument:

"Seattle, Washington, Jan. 5, 09.

"George F. Meacham & Co., 200 New York Building, Seattle, Washington.

"We hereby appoint you our agent for a term of one year from date and authorize you to take charge of the following described property, to wit: (Street and number) 1600 to 1610½ 2d Ave. inclusive. (Lot, block, addition, size) W. ½ L. 9 B. 45 & W ½ L. 12 B. 45 A. A. Dennys Add. to collect the rents arising therefrom and to remit the same to us monthly. You are to pay taxes and assessments. You are to pay water rent. Tenants are to pay garbage removal. We hereby agree to pay you a commission of three per cent (3%) on all amounts collected from said premises during the term of this agreement. I also agree that you shall not be held responsible for any injury or damage to said premises or for loss of or injury to any furniture, fixtures, or other articles therein, or for loss arising from failure to pay any tax or assessment when due. No repairs are to be made upon said premises without written consent.

"Listed by Tilton.        Amherst Investment Co.
                "By A. N. Ashley, Pres."

The respondent retained the writing and accepted the employment. The appellant sought to show by parol evidence that the respondents, at the time of the execution and delivery of the instrument, agreed to pay the rent on lot 12, upon which the former held a lease, as the rent matured; that they failed to do so, and that as a consequence it sustained large damages which it seeks to recover in this action. The court refused to admit the evidence, on the ground that it would contradict the terms of the writing. The correctness of this ruling is the controlling question in the case. We think the ruling was correct. The contract is plain, detailed, and explicit. The evidence tendered would be a flat contradiction of the express terms of the contract. The contract clearly specifies the duties and obligations of the respective parties. It devolves upon the respondent the duties

(1) to take charge of the property, (2) to collect the rents and remit the same to the appellant, (3) to pay taxes and assessments, and (4) to pay water rent. In consideration of these services, the appellant agreed to pay the respondent a commission of three per cent. The annual rent on lot 12 was $5,000, payable quarterly. The $1,250, which fell due on February 8, 1909, was not paid, and the appellant seeks to hold the respondents responsible for the consequences flow-ing from its nonpayment. This would make a new contract for the parties. Reading the contract as an entirety, the duty of the respondent was to collect the rent from the ten-ant, pay taxes, assessments and water rent, and remit the re-mainder to the appellant. Analysis and discussion cannot clarify the contract, and they will not be resorted to for the purpose of obscuring or emasculating it. Written contracts would become valueless if parol evidence were admitted to show a duty upon either party in plain contradiction of the written stipulations.

The appellant argues that the evidence was admissible for the purpose of showing what was comprehended in the words "to take charge of" the property. The meaning of these words is made clear by the specific provisions which follow them.

The respondents prepared and retained a memorandum of the subject-matter of the contract for their own convenience. The appellant sought to introduce this in evidence. Its con-tention is that the marginal words "Listed by Tilton" are such a reference to the memorandum as to make it competent evidence. Obviously the two writings are independent of each other. The contract does not refer to the memorandum or any other writing, but is complete in itself. The words were no doubt used to identify the party who conducted the ne-gotiations for the respondents and for their use and con-venience only.

It is argued that the contract is not complete, in that it was not signed by the respondents. It was, however, ac-

cepted by them, and they assumed to act under it.   This made
it as obligatory upon them as though they had signed it in
the first instance.   *Lamson Consol. Store Service Co. v. Har-
tung*, 19 N. Y. Supp. 233; *Collins v. Dignowity* (Tex.), 8
S. W. 326; *Pickrel v. Rose*, 87 Ill. 263; *Commercial State
Bank v. Antelope County*, 48 Neb. 496, 67 N. W. 465; *Wiley
v. California Hosiery Co.* (Cal.), 32 Pac. 522; *Finck v.
Schaubacher*, 34 Misc. Rep. 547, 69 N. Y. Supp. 977.   This
view is expressed with marked clarity in the *Hartung* case in
the following language:

"We affirm these propositions as true beyond doubt or dis-
cussion, namely, that where a written offer, containing ex-
pressly or by implication all the engagements appropriate
and necessary to the agreement, is signed by one party and
accepted by the other, it constitutes such a complete contract
between them that oral evidence is inadmissible to add to its
terms; and that, if such a contract be an executory agree-
ment for the sale of a chattel, a warranty of the thing so
sold is not open to proof by parol testimony."

The *Collins* case thus announces the same view:

"Though signed by one of the parties only, it contains the
stipulations to be performed by both, and must be held to
express fully the final agreements upon which their minds
met, and to have merged in it all preliminary negotiations."

The appellant, among other cases, has cited *Puget Sound
Iron & Steel Works v. Clemmons*, 32 Wash. 36, 72 Pac. 465.
In that case the court adverted to the fact that the order for
the machinery which was the subject-matter of the litigation
did not purport to contain any part of the contract or con-
ditions which the party to whom the order was addressed was
to perform.   The court said, however, quoting from *Gordon
v. Parke & Lacy Machinery Co.*, 10 Wash. 18, 38 Pac. 755,
that, "The test of the completeness of the writing proposed
as a contract is the writing itself."   That, we apprehend, is
the true criterion in all cases where written instruments are
to be construed.   *Patterson v. Wenatchee Canning Co.*, 59
Wash. 556, 110 Pac. 379, is also cited by the appellant.

The opinion in that case definitely states that the parol evidence was offered to supply that which was omitted from the contract, rather than to vary its terms. In *Kleeb v. McInturff*, 62 Wash. 508, 114 Pac. 184, also cited by the appellant, the court said that parol evidence was admissible where a collateral writing does not undertake to state all the terms of the contract. Without pursuing the inquiry further, it suffices to say that the contract is plain, specific, and complete as to both parties, and in such cases the written instrument speaks the contract.

The appellant also sought to show the acts of the respondents as tending to show their interpretation of the contract. The contract was made on January 5, 1909, and the breach relied upon is alleged to have occurred on February 8 following. This character of evidence is only admissible where the terms of the contract are ambiguous or there has been a practical interpretation put upon it by one of the parties and acquiesced in by the other for a long period of time. As the court said in *Causten v. Barnette*, 49 Wash. 659, 96 Pac. 225, "If a contract is ambiguous in meaning, the practical construction put upon it by the parties thereto is of great weight." This rule of construction is fundamental, but it affords no comfort to appellant. There are no elements of fraud, accident, or mistake in the case at bar, and the contract is complete in itself and free from ambiguity, and needs no extrinsic aid in its interpretation.

The judgment is affirmed.

CHADWICK, CROW, and PARKER, JJ., concur.