[No. 18609. Department Two. February 26, 1925.]

OLE ELIAS OLSON SPORSEM, *Appellant,* v. FIRST NA-
TIONAL BANK OF POULSBO, *Respondent.*[1]

EVIDENCE (95) — ADMISSIONS — CORPORATE OFFICERS OR AGENTS.
Upon an issue as to the negligence of a bank in its care of safety
deposit boxes, which were burglarized, and as to the amount of
money lost, a statement of the bank's president made the next day,
bearing upon those issues, is admissible against the bank.

SAME (95). In such a case, it is error to exclude statements of
the president tending to show that he appreciated the insecurity
of the bank vault and the liability of its being entered by burglars.

BAILMENT (8)—LOSS OF GOODS—NEGLIGENCE—VALUE OF PROPERTY
—EVIDENCE—ADMISSIBILITY. In an action against a bank for negli-
gence in the care of safety deposit boxes which were burglarized,
it is admissible to prove the manner of fastening a window through
which the burglars entered; and to show the devices used by other
banks of similar size, bearing on the degree of care exercised by
the bank.

SAME (3)—LOSS OF GOODS—LIABILITY—CONTRACT OF BAILMENT.
A bank, renting safety deposit boxes, cannot by contract exempt
itself from liability for its own negligence.

Appeal from a judgment of the superior court for
Kitsap county, Frater, J., entered December 10, 1923,
upon granting a nonsuit, dismissing an action to re-
cover the value of property stolen from a bailee. Re-
versed.

*Martin J. Lund,* for appellant.

*F. W. Moore, Guy B. Groff* and *William Hatch Davis,*
for respondent.

MAIN, J.—The plaintiff brought this action on behalf
of himself and his assignors to recover for losses which
had been sustained by reason of the burglarizing of the
safe deposit boxes which the plaintiff and his assignors
had leased from the defendant. The cause came on

[1]Reported in 233 Pac. 641.

for trial before the court and a jury. At the conclusion of the plaintiff's evidence, upon the motion of the defendant, the court withdrew the case from the jury and entered a judgment of dismissal, from which the plaintiff appeals.

The facts are these: The respondent is a corporation and engaged in the banking business at Poulsbo, a small town on the west side of Puget Sound, in this state. In connection with its banking business it leases safe deposit boxes. For the purpose of attracting attention to its safe deposit facilities, it published in the local paper an advertisement which contained the following:

"There is no reason why you should run the risk of losing your valuables and papers thru fire or theft. Rent a safe deposit box. It's only $3.00 per year, and we have plenty of them."

A number of the parties who had rented boxes and whose claims were assigned to the appellant testified that their attention was directed to the safe deposit facilities offered by the respondent by this advertisement. When a customer leased a box he was required to pay the annual fee of $3 and sign a little contract which was printed on the back of a card. This contract, after making certain recitals, provides that the bank, the respondent here, "agrees to exercise the same diligence in the protection of the said box and its contents against loss by fire or burglary that it uses in the protection of its own property, but assumes no liability whatever for any loss or damage that may occur."

The safe deposit boxes were kept in the vault in the bank, and when a customer desired his box, an officer or employee of the bank would enter the vault, get the box and deliver it to him over the counter. There was a safe in the vault in which the bank kept its money, or

part of it, and at the time of the burglary the safe was not opened, and consequently nothing in the safe was lost.   Whether the safe deposit boxes were kept in steel compartments or chests which were locked, the evidence does not make entirely clear.

As above stated, the action is to recover for the money and other valuables taken from the boxes by the burglary and is predicated on the theory that the respondent was guilty of negligence.   The degree of care which respondent was required to exercise over the boxes in order to prevent loss is a question of law for the court, and the question whether or not, in a particular case, there was exercised that degree of care required by the law is ordinarily a question of fact for the jury.   The law requires that a bank which leases safe deposit boxes in connection with its banking business shall exercise that degree of care which an ordinarily prudent and careful man would exercise under like or similar circumstances with reference to his own property.   In the case of *Harland v. Pe Ell State Bank,* 122 Wash. 289, 210 Pac. 681, it is said:

"The proper rule is, did the act of the bank in leaving the vault door unlocked constitute want of due care, such as a prudent man would take under similar circumstances of his own property, that caused or permitted, or contributed to cause or permit, the burglary."

A number of errors have been assigned upon the ruling of the court in rejecting testimony and these will be noticed.   The appellant offered to prove that, the day after the burglary, the bank's president made a statement in the presence of the witness then on the stand to the effect that the respondent lost nothing through the burglary.   This was objected to on the ground that the statement made by the bank's president was not in "connection with the transaction of

business.'' The evidence should have been admitted. The statement was by the president of the bank who was in active charge of its affairs, and if he could not speak for it on a matter that was material to the inquiry on the day following the burglary, it is difficult to see who could. Certainly, in order for evidence of this kind to be used against the bank, it was not necessary that its source be sought in a resolution of its board of trustees. This would be entirely impractical and would place a corporation upon a pedestal which it is not entitled to. In *Masonic Temple Safety Deposit Co. v. Langfelt,* 117 Ill. App. 652, it was held that a letter of the president of a corporation, as well as his verbal statements respecting matters material to the issue, was competent evidence against the corporation represented by such president. In *Nickelson v. Cameron Lumber Co.,* 39 Wash. 569, 81 Pac. 1059, it was held that, in an action against a corporation for malicious prosecution, testimony of a conversation with its officers relative to the suit is admissible to show the company's knowledge of the suit and the agency through which it was instituted. It was error to object to this testimony.

The appellant, at the same time and by the same witness, offered to prove a statement made by the president of the bank the day after the burglary as to the amount of money and bonds stolen out of the boxes. This offer was rejected for the same reason as the previous one. The amount of money and other valuables in the boxes was a material inquiry and the evidence should have been admitted. What is due care must as a rule depend upon the circumstances of each case. For instance, what would be due care if the transaction involved a sack of potatoes would not necessarily be due care if the bailee was given a sack

of diamonds. In *Filson v. Pacific Express Co.*, 84 Kan 614, 114 Pac. 863, it was said:

"The value of the property, the size and weight of the package, the liability of the place to be èntered by thieves and burglars would all be circumstances to be taken into consideration by the jury in determining whether ordinary care had been exercised."

It was error to reject this testimony.

Inquiry was made of a witness as to what the president of the bank said upon a certain occasion with reference to safety appliances and the safety of his vault and its door at that time. This question was objected to and the objection sustained. The court should have permitted the witness to answer. Whether the president of the bank appreciated the insecurity of the vault and the liability of it to be entered by burglars was a matter proper to be inquired into.

The appellant complains because the trial court permitted the respondent to cross-examine a witness upon matters not connected with the general subject-matter of the direct examination. The complaint is well founded, but as this error is not likely to occur upon another trial it is unnecessary to discuss it here.

There was an offer of evidence as to the manner of the fastening of a window in the rear of the bank through which the burglars entered, and the appellant complains of the ruling of the trial court in rejecting this testimony. If this were the only error in the case it would not be sufficient to justify a reversal, but we think the evidence should have been admitted. The question was whether the respondent had been guilty of negligence. All the surrounding facts and circumstances were admissible as bearing upon this question. The chief complaint, it is true, was that the respondent did not have a burglar proof door upon its vault, but one which only was fire proof. Evidence also of the

devices which other banks of similar size and under similar circumstances used or provided to prevent burglary was admissible as bearing upon the question whether the respondent in this case had exercised due care.

The respondent claims that, under its contract above referred to, there is no liability unless it failed to exercise that degree of care with reference to the safe deposit boxes of its customers that it exercised with reference to its own affairs, and calls attention to the clause that it ''assumes no liability whatever for any loss or damage that may occur.'' The law fixes the rule of liability, and if this clause be construed as an intention to limit the liability of the appellant for its own negligence it is ineffective. It is now apparently well settled that a bailee for hire cannot by contract exempt himself from liability for his own negligence. In *Patterson v. Wenatchee Canning Co.*, 59 Wash. 556, 110 Pac. 379, it was said:

''It is well settled that a bailee may by contract exempt himself from liability except for his own fraud or negligence.''

In *Pilson v. Tip-Top Auto Co.*, 67 Ore. 528, 136 Pac. 642, it was said:

''It is the better rule that a bailee for hire cannot by contract so limit his responsibility to the bailor as not to be liable for his own negligence or the negligence of his agents and servants.''

The great majority of the cases, as well as the text writers, support this rule. If the clause referred to was not intended to exempt liability for negligence it can have no bearing in the present case.

We have not discussed all the assignments of error made by the appellant, but what has been said we think is sufficient to furnish an adequate guide upon another

trial. In addition to this, a number of the errors are such that in all probability they would not occur upon another trial of the cause.

The judgment will be reversed, and the cause remanded with direction to the trial court to grant a new trial.

MITCHELL, BRIDGES, and FULLERTON, JJ., concur.