[No. 19669. Department Two. April 1, 1926.]

## C. HAUGEN, *Respondent*, v. FIRST NATIONAL BANK OF POULSBO, *Appellant*.[1]

[1] BAILMENT (3, 8)—NEGLIGENCE OF BAILEE—EVIDENCE—REMOTE-NESS. In an action for the loss of the contents of safe deposit boxes, through burglary, rented upon representations that the vault was safe and burglar proof, the admission of a remote advertisement containing such representations is not prejudicial error, where there was other evidence that plaintiffs were induced to rent boxes by a standing invitation of substantially the same import.

[2] SAME (3, 8)—EVIDENCE—RELEVANCY. In such a case, it is not prejudicial error to admit in evidence a further advertisement, not relating especially to its safe deposit vaults, but amounting in general terms to an invitation to the public to continue to patronize all branches of its business; nor to admit in evidence published statements of its financial standing and that its own securities were deposited in safe deposit vaults elsewhere, offered to show want of faith in its own vaults.

[3] SAME (3, 8). In such a case, it is not error to permit witnesses to testify as to the large value deposited in certain of the other boxes rented to others.
MACKINTOSH, J., dissents.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered June 12, 1925, upon the verdict of a jury rendered in favor of the plaintiff, in an action to recover the value of property stolen from a bailee. Affirmed.

[1]Reported in 244 Pac. 574.

*Guy B. Groff* and *William Hatch Davis,* for appellant. .

*Martin J. Lund,* for respondent.

PARKER, J.—The plaintiff, Haugen, seeks recovery of damages from the defendant bank for losses to himself and others by the burglarizing of its safety deposit vault and the boxes therein, claimed to have been the result of the defendant's neglect to properly guard its vault.  The plaintiff sets up one cause of action for such loss occurring directly to himself, and eight additional causes of action for such loss occurring to others who have assigned their claims against the defendant to him; all of such losses having been the result of the same burglary.  A trial in the superior court for Kitsap county, sitting with a jury, resulted in a verdict and judgment awarding recovery on all the causes of action, from which the defendant has appealed to this court.

The alleged grounds of recovery may be briefly summarized as follows:  That appellant bank advertised and held out to respondent, his assignors and the public generally, that it had for rent in its vault safety deposit boxes as a safe place for deposit of money and securities; that respondent and his assignors each were thus induced to rent from appellant one of such boxes; that respondent and his assignors deposited in their respective boxes, so rented, money and securities aggregating in value more than $6,000; that, while such money and securities were so deposited, the bank room, vault and boxes were burglarized, and money and securities belonging to respondent and his assignors of the total value of approximately $6,000 were stolen therefrom; that such burglary was rendered easy of accomplishment by appellant's negligently leaving a

window in the rear of its bank room unfastened, by negligently having the doors of its vault constructed of soft, thin metal and provided with old, out-of-date, insecure locks through which the burglar or burglars easily gained access to the inside of the vault and the boxes, which were easily broken open, and by failure to have a burglar alarm system, as advertised and held out to the public.

Contention is here made in behalf of appellant that the evidence does not support any recovery by respondent, timely appropriate motions having been made in that behalf in the trial court and overruled. Our reading of all of the evidence, as abstracted by counsel, convinces us that we would not be warranted in disturbing the verdict and judgment upon the ground of insufficiency of evidence to support recovery. We deem it unnecessary to review the evidence in this opinion.

[1] It is contended that, in any event, appellant is entitled to a new trial, because of claimed erroneous rulings of the trial court. First, it is insisted that the trial court erred, to the prejudice of appellant, in admitting in evidence an advertisement published in a local paper by authority of the bank in the year 1910, reading as follows:

"Do not keep valuables or important papers in the house. The firebug or the burglar may not be far off. Protect yourself and rent one of our safety boxes. They cost only three dollars per year and are absolutely fire and burglar proof. When convenient call and take a look at them."

The argument is that such publication is too remote from the time of the burglary here in question, which occurred in the year 1922, and the first of the renting of the boxes here in question, which occurred several years after the publication of this advertisement. This advertisement does seem somewhat remote; but, in

view of the fact that the bank has since then constantly held out to the public the renting of safety deposit boxes as a branch of its business and invited the public to rent safety deposit boxes in its vault, renders the admission of this advertisement of 1910 without prejudice to the rights of appellant, though, because of its date, it may seem rather remote, and it might be said to be technically inadmissible, regarded wholly apart from other evidence in the case. It probably is true that this particular advertisement did not induce respondent and his assignors to rent the boxes, but it seems plain that they were induced to rent boxes and make deposits of money and securities therein by a standing invitation of substantially the same import, held out by the bank to them and to the public ever since the publication of this advertisement.

[2] It is contended in behalf of appellant that the court erred to its prejudice in admitting in evidence an advertisement published by authority of the bank in a local paper in the year 1911, stating, among other things: "Its cash and securities are insured against burglary and theft. It also has a burglar alarm system. It is backed by men of financial and moral responsibility. It has resources of $95,000 and deposits of over $80,000 at present." The argument is, that none of these statements had any reference to appellant's safety deposit boxes or to that branch of its business. It seems to us, what we have already said comes nearly, if not quite, answering this contention. When this advertisement was published, the bank had already, as we have noticed, invited the public to patronize the safety deposit branch of its business. This advertisement of 1911 was but a further invitation, but rather in more general terms, for the public to continue to patronize all branches of its business.

It is contended that the trial court erred to the prejudice of appellant in admitting in evidence an advertisement published in a local paper by authority of appellant in January, 1922, one month prior to the burglary. This was simply a statement of the resources and liabilities of the bank. It showed that the bank had then on hand securities consisting of bonds and warrants of the value of $139,000. In this connection, we note another contention, to wit, that the court erred, to the prejudice of appellant in admitting in evidence the fact that the appellant had, in the safety deposit department of a large Seattle bank, $85,000 of these securities; a larger part of the balance of the securities having been hypothecated as collateral, leaving in the actual physical possession of appellant in its own vault only $9,000 of these securities. These facts seem to have been introduced in evidence by counsel for respondent as tending to show the want of faith of the officers of appellant in the security of its own vault. We think this advertisement showing the amount of appellant's securities in the form of bonds and warrants, and the fact that nearly all, except those which had been hypothecated as collateral, were kept in safety deposit away from appellant's vault and bank, are facts not wholly foreign to the question of the safety of appellant's vault and the knowledge of its officers with reference thereto. The principal argument seems to be that these facts showed and emphasized the wealth of appellant to its prejudice. Being relevant to the real issues in the case does not require their rejection for the reason assigned, though, if that were their only effect, they would not be admissible. We think this evidence was admissible.

[3] It is contended that the trial court erred to the prejudice of appellant in allowing certain witnesses to

testify in behalf of respondent as to the amount, in value, of money and securities deposited in certain of the rented boxes, other than those of respondent and his assignors. The fact that there were money and securities of large value deposited in these rented boxes, speaking generally, we think, was a fact that would be presumed to exist in any event, and that appellant's officers were required to exercise care accordingly in making the vault secure as against burglary, as well as other possible causes of loss to the box renters. This testimony, we think, was in no event prejudicial, in view of the presumption that the boxes contained money and securities of large value. Manifestly, that is what they were rented for.

Some other contentions are made touching claims of error of the trial court in ruling upon the admission and exclusion of evidence. These we have examined, and deem it sufficient to say that we regard them as without substantial merit. The questions involved in this case are controlled largely by our decision in *Sporsem v. First National Bank of Poulsbo,* 133 Wash. 199, 233 Pac. 641, having to do with this same burglary and losses therefrom suffered by others than this respondent and his assignors. Our decision in *Harland v. Pe Ell State Bank,* 122 Wash. 289, 210 Pac. 681, is of interest in connection with some of the questions here presented and lends support to our conclusion here reached.

The judgment is affirmed.

TOLMAN, C. J., MAIN, and MITCHELL, JJ., concur.

MACKINTOSH, J. (dissenting)—So much improper evidence was admitted that the appellant was without doubt prejudiced thereby, and I must dissent.