[No. 34699. Department Two. February 19, 1959.]

MARVIN GOOD *et al.*, *Appellants*, v. THE WEST SEATTLE GEN-ERAL HOSPITAL CORPORATION, *Respondent.*[1]

[1]Reported in 335 P. (2d) 590.

618

*Frederick B. Cohen* and *John E. Bowen*, for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann*, for respondent.

ROSELLINI, J.—Evelyn Good, who will be referred to in this opinion as the plaintiff, was injured while engaged in moving an anesthesia machine down a ramp in the defendant's hospital in West Seattle, where she was employed as a nurse anesthetist. The accident happened when the machine tipped back upon her, pinning her to the floor. In her complaint, it was alleged that the defendant was negligent (1) in failing to keep its premises safe for its employees, (2) in failing to provide a sufficient number of anesthesia machines so that the movement thereof would not be necessary, (3) in requiring the plaintiff to move the machine without assistance and in failing to provide adequate safeguards for the movement of the machine, and (4) in failing to warn the plaintiff of the danger involved, which danger was known to the defendant but not to the plaintiff.

The defendant denied the allegations of negligence on its part, and affirmatively alleged that the accident was due to

the negligence of the plaintiff in attempting to move the machine without assistance, and that she had assumed the risk of such accidents when she accepted the employment. The matter was tried before a jury which returned a verdict for the defendant.

On this appeal, the plaintiff has made eleven assignments of error. We will consider only those which are argued in the brief. The first five, in so far as they are argued, relate to rulings of the court in which it refused to allow two of the plaintiff's witnesses, a doctor and a nurse, to testify to the "standard of care" exercised by other hospitals in the use of anesthesia machines. According to the offer of proof, these witnesses would have testified that, in their experiences, all hospitals other than the defendant's hospital had anesthesia machines in each room where they were customarily needed. When asked to give an opinion regarding the applicable standard of care, neither of the witnesses seemed to understand what was meant by the expression. Also from their offered testimony, it appeared they considered that the custom of placing an anesthesia machine in each operating, or obstetrical, room, was a safeguard designed for the protection of patients rather than employees.

The testimony was excluded by the trial court on the ground that the witnesses, by reason of their lack of knowledge, were not qualified to express an opinion on the applicable standard of care, and on the further ground that, in the opinion of the court, the question whether the defendant was negligent under the circumstances could be determined by the jury without the aid of expert testimony.

■ It is competent to show customary usage of safety devices for the protection of employees in other establishments of similar size, and under similar circumstances, inasmuch as such evidence bears on the question whether due care has been exercised. *Sporsem v. First Nat. Bank of Poulsbo*, 133 Wash. 199, 233 Pac. 641, 40 A. L. R. 845; *Crooker v. Pacific Lounge & Mattress Co.*, 34 Wash. 191, 75 Pac. 632.

■ Whether a witness is qualified to express an opinion is a matter which rests largely in the discretion and sound

judgment of the trial judge. *Bosscher v. Leenders*, 49 Wn. (2d) 397, 301 P. (2d) 1080; *Johnson v. Harvey*, 44 Wn. (2d) 455, 268 P. (2d) 662.

■ No abuse of discretion occurred in this instance. The plaintiff's offer of proof failed in two respects. There was no showing that the witnesses were familiar with the custom or usage of other similar-sized hospitals having similar structural problems; and furthermore, the witnesses evidently did not know whether the custom which they had observed in the hospitals in which they had worked, was designed for the safety and convenience of the employees or solely for the purpose of having anesthetics immediately available when needed by the patients. Lacking such knowledge, they could not testify to the existence of a custom and were incompetent to express opinions regarding the applicable standard of care.

■ We agree with the trial court that expert testimony was not necessary to establish the negligence, if any, of the defendant. While the accident occurred in a hospital, whether it was the result of negligence on the part of the defendant was not a technical question. If the jury had believed that the defendant knew of the danger involved in moving the machine down the ramp and failed to warn the plaintiff, and that she was unaware and had no reason to be aware of the danger, a verdict in her behalf would have been justified on the evidence. It is apparent from the verdict that the jury rejected her testimony in this regard and believed a witness for the defendant, the nurse in charge, who stated that she had warned the plaintiff not to attempt to move the machine without assistance.

It is true that, under the rule announced in *Sporsem v. First Nat. Bank of Poulsbo, supra,* and *Crooker v. Pacific Lounge & Mattress Co., supra,* evidence of a custom followed in similar hospitals for the protection of employees would have been competent. But since the witnesses proffered by the plaintiff were unable to assert that a custom of this kind existed, their testimony regarding their experiences in hospitals where they had been employed would not have been probative and was properly excluded.

■ It is next urged that the trial court erroneously struck certain testimony of the plaintiff to the effect that, immediately after her injury and at the scene of the accident, she heard someone remark that another anesthetist had been injured in the same way. The plaintiff contends that this testimony, although hearsay, was a spontaneous exclamation and was admissible as a part of the *res gestae*. The rule adopted by this court requires that the statement or declaration concerning which testimony is offered must, in order to make such evidence admissible, possess at least the following essential elements: (1) The statement or declaration made must relate to the main event and must explain, elucidate, or in some way characterize that event; (2) it must be a natural declaration or statement growing out of the event, and not a mere narrative of a past, completed affair; (3) it must be a statement of fact, and not the mere expression of an opinion; (4) it must be a spontaneous or instinctive utterance of thought, dominated or evoked by the transaction or occurrence itself, and not the product of premeditation, reflection, or design; (5) while the declaration or statement need not be coincident or contemporaneous with the occurrence of the event, it must be made at such time and under such circumstances as will exclude the presumption that it is the result of deliberation, and (6) it must appear that the declaration or statement was made by one who either participated in the transaction or witnessed the act or fact concerning which the declaration or statement was made. *Robbins v. Greene*, 43 Wn. (2d) 315, 261 P. (2d) 83; *Beck v. Dye*, 200 Wash. 1, 92 P. (2d) 1113, 127 A. L. R. 1022.

■ The evidence was properly stricken since it lacked at least two of the essential requirements. It did not relate to the main event, but to another event, and in fact, was not offered to establish any of the circumstances of the occurrence at which it was made, that is, the scene of the plaintiff's accident, but was offered as proof that a similar accident had occurred previously; and the statement was not made by one who was shown to have witnessed the accident

about which the statement was made. It is easy to see why evidence such as this does not come within the exception. The fact that a witness at the scene of the plaintiff's accident remarked that another anesthetist had been injured in the same way does not tend to establish the fact, since the witness would be likely to make such an utterance if he had heard of a previous accident, even though he had not seen it.

■ Even though the evidence had been admissible, the striking of the testimony in this case would not constitute reversible error. The fact that another similar accident had occurred was established by other testimony and was not seriously disputed by the defendant. The remark overheard by the plaintiff added nothing to this evidence, and she could not possibly have been prejudiced by the exclusion of her testimony regarding it.

Error is assigned to three rulings of the trial court limiting the plaintiff's cross-examination of one of the defendant's witnesses. An objection to the first of these questions was sustained on the ground that it called for a conclusion of the witness, and objections to the other questions were sustained for the reasons that they were immaterial and beyond the scope of the direct examination. The plaintiff does not deny that the first question called for a conclusion and that the other two were outside the scope of the direct examination, but simply states that under the allegations of the complaint, she had a right to elicit answers to the questions. She cites no authority in support of her contention, and has failed to point out wherein the rulings were erroneous.

■■ In ruling upon questions during the examination of witnesses, and more particularly the cross-examination, the trial court has considerable latitude, and its rulings will not be held to be reversible error unless it appears that they are clearly erroneous and, generally speaking, prejudicial. *Miller v. Edwards*, 25 Wn. (2d) 635, 171 P. (2d) 821. The rulings of the court in this instance are not patently erroneous, and if they were improper or prejudicial, the argument of the plaintiff is insufficient to bring such defect to

the attention of the court. Consequently, they do not afford grounds for reversal.

The plaintiff complains of an instruction wherein the court advised the jury that testimony of a witness that she had told the manager of the hospital that it was dangerous to roll the machine down the ramp, should be considered solely for the purpose of showing notice. The testimony, of course, was not competent to show that the danger existed, and the court properly advised the jury of the limited purpose for which it was admitted.

Likewise, it was not error for the court to refuse an instruction regarding the duty of an employer to hire an adequate number of competent employees, as the breach of such a duty was not alleged nor was there any evidence of a failure of this kind on the part of the defendant. The refusal of another instruction on the duty of care, to which error is assigned, was without prejudice to the plaintiff, as the substance of the instruction was contained in a similar instruction requested by the plaintiff and given by the court.

We find no error and the judgment entered upon the verdict is affirmed.

WEAVER, C. J., MALLERY, HILL, and OTT, JJ., concur.