[No. 1177-1.    Division One—Panel 1.    November 13, 1972.]

Paul K. Blais, *Respondent*, v. J. C. Phillips *et al.*, *Appellants*.

*R. Terry Husseman,* for appellants.

*Martin, Niemi, Burch & Mentele, George W. Martin,* and *Susan F. French,* for respondent.

Williams, J.—Paul K. Blais brought an action against J. C. Phillips and Ellen Phillips, his wife, seeking to recover

damages resulting from an altercation which occurred in the parking lot of the Airport District Court in King County. The trial was to the court without a jury and resulted in findings of fact and conclusions of law sustaining recovery of $3,631.38 plus costs. The Phillipses appeal from the judgment entered against them in that amount.

The facts are these: On October 18, 1967, the parties to this litigation were adversaries in a case tried in the Airport District Court. As they and a number of witnesses left the courthouse and entered the parking lot, bitter words were exchanged. There is evidence in the record that Phillips took off his coat, handed it to Mrs. Phillips, and then physically assaulted Blais, causing him injury. There is also evidence, believed by the court, that Mrs. Phillips, in addition to holding her husband's coat, shouted encouragement to him and words of opprobrium at Blais before and during the encounter.

The first question is whether there is substantial evidence to support the court's finding that Mr. Phillips assaulted Blais. The Phillipses' principal attack is based upon their claim that the testimony of Blais was contradictory and of no worth. We may not pass upon the credibility of a witness, even though he is a party to the litigation. Moreover, there is evidence, additional to that of Blais, which adequately supports the findings of the trial court.

The next question is whether the trial court erred in excluding a copy of a medical report which Blais' doctor had sent to the Federal Aviation Administration. During cross-examination, the doctor was asked for information contained in the report. On his own, the doctor protested disclosure, stating that the regulations of the F.A.A. made the report confidential. The law is that:

> In ruling upon questions during the examination of witnesses, and more particularly the cross-examination, the trial court has considerable latitude, and its rulings will not be held to be reversible error unless it appears that they are clearly erroneous and, generally speaking, prejudicial.

*Good v. West Seattle Gen. Hosp. Corp.,* 53 Wn.2d 617, 623, 335 P.2d 590 (1959).

We cannot say that the ruling of the trial court was clearly erroneous because it is not clear that the report should have been produced. Perhaps it was confidential. The Phillipses had ample opportunity before trial to discover that the doctor would not voluntarily produce the report and to prepare advice to the court upon the point. They did not do so. Moreover, there is no showing that the court's ruling prejudiced the Phillipses. The doctor offered to produce his notes upon which the report was based and answered the questions asked of him.

■ The next question concerns the refusal of the trial court to grant the Phillipses' motion for continuance which was made on the morning of the trial. The deposition of Blais had been taken by the Phillipses sometime previously but had not been transcribed and submitted to Blais for his signature until that morning. He made substantial changes in his testimony, and the continuance was requested for the purpose of enabling the Phillipses to secure evidence to meet those changes. The court did grant a continuance so that the Phillipses could question Blais further and pointed out there was ample time to interview witnesses following the afternoon recess and before court took up the following morning, when the trial would still be in progress. Under the circumstances, there was no abuse of discretion by the court in not granting the longer continuance.

■■ Finally, there is the question of the liability of the Phillipses' community for the tort of the husband. The court found that the community was liable, and we agree. There was evidence that the assault was made directly after, and as an outgrowth of, the district court trial which was concerned with management of community property. *Benson v. Bush,* 3 Wn. App. 777, 477 P.2d 929 (1970). There

is also evidence that Mrs. Phillips supported her husband in the assault.

Affirmed.

HOROWITZ, C.J., and CALLOW, J., concur.

Petition for rehearing denied February 22, 1973.

Review denied by Supreme Court April 20, 1973.