Comstock *et al. v.* Grindle.

No. 14,878.

## COMSTOCK ET AL. *v.* GRINDLE.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Evidence.— Testimony to be Elicited.—Informing Court as to.—Rule.*—The rule in the trial of an ordinary civil or criminal prosecution that the party calling the witness must, upon objection, inform the court as to the testimony he expects to elicit, is not applicable in proceedings supplementary to execution where the object of the examination is to obtain information supposed to be peculiarly within the knowledge of the party being examined and entirely unknown to the party making the examination.

SAME.—*Examinations.—Latitude Allowed.*—In such examinations the court should allow great liberality, and if the questions propounded are at all pertinent the court should require that they be answered.

SAME.—*Assessment List.—Admissibility.*—In such a proceeding assessment lists are competent evidence, following *Towns* v. *Smith,* 115 Ind. 480.

From the Grant Circuit Court.

*J. A. Kersey,* for appellants.

*G. W. Harvey* and *H. J. Paulus,* for appellee.

BERKSHIRE, J.—This is a proceeding supplementary to execution, under section 815, R. S. 1881. The verified statement which was filed, and upon which the judge of the said court issued his order for the appellee to appear and answer concerning his property subject to execution, was, as to the facts therein stated, in substance as follows :

That Henry R. Lowe and Archibald Y. Comstock are surviving partners of the firm of H. R. Lowe & Co., which firm consisted of themselves and Allen G. Wells, who is now deceased ; that on November 8, 1886, said firm recovered a judgment in the circuit court of Blackford county against the appellee for the sum of $341.48, together with costs amounting to $15.10, and on November 13, 1886, the said firm caused a transcript to be filed in the office of the clerk of said Grant Circuit Court, which was duly recorded in the

records of said court; that on the 13th day of May, 1887, the said firm caused an execution to issue on said judgment by the clerk of the said Blackford Circuit Court, to the sheriff of Grant county, that being the county wherein the appellee resided, and of which he is still a resident; that said execution was returned *nulla bona ;* that said judgment still remains unsatisfied. There is then a prayer that the appellee be required to answer, under oath, concerning his property.

Afterwards, as is shown by the transcript, the parties appeared before the said Grant Circuit Court, and the appellee was examined by the appellants concerning his property. The result of the said examination was a finding by the court for the appellee, and, over a motion for a new trial, the court rendered judgment against the appellants.

There is but one error assigned, the overruling of the motion for a new trial.

Several reasons are stated in the motion for a new trial, but, as the appellants discuss but two of them in their brief, the others are waived.

The two reasons discussed are the third and fourth. The third is, that the court erred in sustaining objections to certain questions propounded by the appellants to the appellee during the course of the examination.

The fourth reason is that the court erred in excluding certain written instruments and documents offered in evidence by the appellants.

Before considering the questions raised by the motion for a new trial, it becomes necessary to consider and pass upon a preliminary question raised by the appellee. The point made is that the appellants having made no offer as to what they expected to prove in answer to their said questions, no question is before us involving the correctness of the rulings complained of, excluding the testimony sought to be elicited in answer to the said questions. We recognize the force of the rule contended for by the appellee, but, like all

other rules, it has its exceptions, and in our opinion the present case falls within the exceptions.

In the trial of an ordinary civil action, or criminal prosecution, when a witness is called to the stand the party calling him is presumed to know, when he propounds a question, the answer that the witness will make to the question ; and it is but just and proper that the party calling the witness inform the court as to the testimony which he expects to elicit, if the witness is permitted to answer the question.

This works no hardship to the party calling the witness, and it may be that when the court is informed as to what the testimony will be if the witness is permitted to answer, its mind may be changed as to the propriety of the question. But in cases of the class now under consideration there can be no such presumption as that which arises in ordinary cases. In cases like the present it is the party that is being examined, and not in the capacity of a witness, but as the adverse party.

The purpose of the examination is not to elicit information the character of which is known to the party making the examination, as in the case of a witness supposed to be friendly, at least not hostile, to the party calling him. The object of the examination is to obtain information which is supposed to be peculiarly within the knowledge of the party who is being examined, and entirely unknown to the party who is making the examination.

If the party making the examination had such information as to enable him in advance to inform the court what his adversary would answer to the questions propounded, then there would be no occasion for the examination. The object of the examination is that the creditor may obtain information whereby he may discover property upon which he may levy his execution, of which, before such examination, he has no knowledge.

The questions propounded, and to which the court sus-

Comstock *et al.* *v.* Grindle.

tained objections, are numbered as follows: 9, 10, 11, 12, 13, 17, 18, 20, 21, 22, 23, 24, 36, 37 and 38.

In examinations like the one now under consideration, the court should allow great liberality; if the questions propounded are at all pertinent the court should require that they be answered. With the exception of questions 20, 22, and 23, the questions propounded were proper, and should have been answered.

It was a very pertinent inquiry as to what had become of the proceeds of property disposed of by the appellee, and might have led to the discovery of something tangible, and upon which an execution could have been levied.

As to the written instruments and documents offered in evidence, the assessment lists were competent evidence. *Towns* v. *Smith*, 115 Ind. 480. The appellants were entitled to information as to the disposition made by the appellee of the property therein named, and, if not disposed of, of its whereabouts.

The other instruments and documents were immaterial, for the reason that the appellants could inquire of the appellee about the different transactions to which the said instruments and documents related.

For the error of the court in excluding the assessment lists, and in sustaining the objections made to the questions propounded by the appellants, as herein indicated, the judgment must be reversed.

Judgment reversed, with costs.

Filed Jan. 14, 1890.