SINGER MANUFACTURING COMPANY *vs.* EDWARD F. REYNOLDS & another.

Suffolk.    March 3, 1897. — June 15, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Indemnity Bond — Action — Evidence — Penalty — Attorney's Fee.*

A., as principal, and B., as surety, executed a joint and several bond to a corporation, which recited that it was "expressly intended as a continuing guaranty"; and which was conditioned that A., who had entered the employ of the corporation "for the transaction of such business as they may intrust to him," should faithfully perform his duties to the corporation "by virtue of his said employment, or otherwise, and whether under or in the absence of any present or future contract, agreement, or understanding, verbal or written, or any change whatever therein, either with or without notice to either of said obligors other than the said employee." At the same time the bond was executed, a written contract concerning his employment was entered into between A. and the corporation, and subsequently another written contract was made by them, which differed from the first one only in providing that A. should be paid a certain commission in addition to the compensation stipulated in the earlier contract. *Held*, in an action against A. and B. jointly upon the bond for a default occurring after the making of the last contract, of which contract it did not appear that B. had actual knowledge, that the bond covered such default.

An admission of a default by the principal in a bond of indemnity against loss by his misconduct is competent in evidence in an action against the principal and surety jointly on the bond.

A bond of indemnity against loss by the misconduct of the principal recited that the obligors were bound to the obligee in a certain sum "and ten per cent attorney's fees," for the payment of which they bound themselves jointly and severally. *Held*, in an action against the obligors jointly on the bond, that the provision for attorney's fees did not merely increase the penalty of the bond; but whether the provision for an attorney's fee was valid, *quære*.

CONTRACT, against Edward F. Reynolds and Andrew J. Leonard, upon a bond given for the faithful performance by the defendant Reynolds of his duties as an employee of the plaintiff corporation. Trial in the Superior Court, without a jury, before *Bond*, J., who found for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

The case was argued at the bar in March, 1897, and afterwards was submitted on briefs to all the justices.

*J. D. McLaughlin,* for the defendants.

*A. M. Lyman,* for the plaintiff.

BARKER, J.  The bond was given by the defendants jointly and severally.  The declaration is in one count against them both, and they appeared by the same counsel, who filed one answer for both.  The finding is against them jointly for five hundred dollars as the penal sum of the bond, with an order for execution against both for a sum found due upon chancering the bond in accordance with Pub. Sts. c. 171, §§ 9, 10.

The defendant Reynolds was employed by the plaintiff, and three written contracts concerning his employment were entered into between him and the plaintiff, one at the same time as the bond, and the others on November 5, 1892, and June 17, 1893, respectively.  The first and second were alike, and the third differed only in providing that Reynolds should be paid a commission on all moneys collected and paid over by him, in addition to the salary and commission on sales stipulated in the earlier contracts.  It did not appear that the defendant Leonard had actual knowledge of the making of the last contract.

The presiding justice, sitting without a jury, held that the penal sum of the bond was five hundred dollars, found against the defendants in that sum, and included in his award of the amount for which execution should issue, a sum of fifty dollars, which was agreed to be a reasonable sum for services rendered by the plaintiff's attorney.

1.  The first contention is that neither defendant is liable upon the bond, because Reynolds's defaults occurred after the making of the last contract, by which they contend that he was newly employed and the risk substantially increased.  The bond states that it " is expressly intended as a continuing guaranty " ; and the condition, after reciting that Reynolds has entered the employ of the plaintiff company " for the transaction of such business as they may intrust to him," is in substance that he shall faithfully perform his duties to the plaintiff " by virtue of his said employment, or otherwise, and whether under or in the absence of any present or future contract, agreement, or understanding, verbal or written, or any change whatever therein, either with or without notice to either of said obligors other than the said employee."  These explicit stipulations cover the defaults of Reynolds under

the last contract, which is within the precise terms of the bond. See *Amicable Ins. Co.* v. *Sedgwick,* 110 Mass. 163 ; *Singer Manuf. Co.* v. *Allen,* 122 Mass. 467 ; *Rollstone National Bank* v. *Carleton,* 136 Mass. 226 ; *Eastern Railroad* v. *Loring,* 138 Mass. 381. The cases of *Chelmsford Co.* v. *Demarest,* 7 Gray, 1, *Middlesex Manuf. Co.* v. *Lawrence,* 1 Allen, 339, *Lexington & West Cambridge Railroad* v. *Elwell,* 8 Allen, 371, and *Richardson School Fund* v. *Dean,* 130 Mass. 242, cited by the defendants, are not in point.

2. The defendants contend that the written statement or admission of Reynolds was not admissible in evidence against Leonard.* But the action was a joint action against both. It sufficiently appears that Reynolds was the principal and Leonard a surety. The admission of the principal was, under our decisions, admissible against both. *Martin* v. *Root,* 17 Mass. 222, 227. *Frye* v. *Barker,* 4 Pick. 382, 384. *Bridge* v. *Gray,* 14 Pick. 55, 61. *Amherst Bank* v. *Root,* 2 Met. 522, 541. It is urged that this doctrine should no longer be applied, because parties to actions may now testify, and because several judgments may now be rendered against joint defendants. But the doctrine has been restated by this court since those changes in practice have occurred. See *Choate* v. *Arrington,* 116 Mass. 552, 556 ; *Dennie* v. *Williams,* 135 Mass. 28, 29. We are disposed to adhere to it, so far as it is involved in the present case.

3. The remaining contention is that execution should not have been ordered for the attorney's fee as damages. The bond is in substance a bond of indemnity against loss by the misconduct of Reynolds, and it recites that the obligors are bound to the plaintiff " in the sum of five hundred dollars, and ten per cent attorney's fees," for the payment of which they bind themselves jointly and severally. The defendants asked a ruling that this provision was a part of the penalty of the bond. Upon that construction the bond would be the same in effect as if in the penal sum of

---

* The material part of this statement was as follows : " I, Edward F. Reynolds, of Johnston, in the county of Providence and State of Rhode Island, hereby acknowledge that I have received of moneys belonging to the Singer Manufacturing Company, said moneys being received in my capacity as agent of said company, and have appropriated the same to my own use, as follows," etc.

five hundred and fifty dollars, in which case the judgment, under our practice, would be for that sum, and if that was the only effect of the provision, nothing would be included upon that account in the amount for which execution would be ordered.

We do not construe the provision as intended merely to increase by ten per cent the penalty of five hundred dollars. If it had merely been the intention to make the penal sum five hundred and fifty dollars, the parties would have caused the bond to be so written. The language makes the obligors' promise to pay two separate things, a sum of five hundred dollars, and a ten per cent attorney's fee. Each of these provisions was to be void, if Reynolds dealt faithfully. He has not so dealt, each promise has been broken, and the plaintiff asks to have each promise enforced. If the promise to pay an attorney's fee is an added penalty, one effect would be to increase the judgment, which must be for the amount of the penal sum. The defendants cannot complain that the judgment was not larger. The fair interpretation of the language is, that the obligors promised to pay to the plaintiff an attorney's fee of ten per cent unless Reynolds made no default, and this in addition to the payments which the bond would have obliged them to make if there had been nothing said in it as to an attorney's fee.

The defendant does not contend that the ten per cent should be reckoned upon the amount for which execution would otherwise issue, rather than upon the penal sum specified, nor that the provision for an attorney's fee is invalid, and we express no opinion upon those questions.

*Exceptions overruled.*