Williams *v.* Atkinson.

Neither of the paragraphs of the complaint is sufficient, and the demurrer was properly sustained. Judgment affirmed.

## WILLIAMS *v.* ATKINSON.

[No. 18,093. Filed Jan. 12, 1899.]

BOUNDARIES.—*Surveyor's Record.*—*Evidence.*—A surveyor's record, reciting that the parties were present and consenting to the survey, without naming them, and without disclosing that such parties had consented in writing, or had been duly notified of the survey, is not admissible in evidence to prove the location of certain corners. *p. 100.*

SAME.—*Surveyor's Record.*—*Notice of Survey.*—*Presumption.*—Where the record of a county surveyor fails to show that the required notice was given to the owners of land adjoining a line sought to be established, it will not be presumed that notice was given, since it is no part of the surveyor's duty to give such notice. *pp. 100, 101.*

BOUNDARIES.—*Statutory Survey.*—*Evidence.*—A contract between the owner of land adjoining a line sought to be established and a former owner of the land, which contract mentions the quantity of land such owner was to get, but contains nothing as to the location of the disputed line, is not admissible in evidence to prove the location of such line. *p. 102.*

SAME.—*Statutory Survey.*—*Evidence.*—A letter to the owner of land adjoining a line sought to be established from a former owner of such land, stating that no private survey would be recognized and warning him to keep off the land until a legal survey should be made, is not admissible in evidence to prove the location of the line in dispute. *p. 102.*

SAME.—*Agreement of Landowners that New Survey be Made.*—An agreement between adjoining landowners that a survey be made does not justify the surveyor in changing a corner or line lawfully established by previous survey. *pp. 102, 103.*

SAME.—*Landowner Does Not Waive Rights Under Previous Survey by a Demand for New Survey.*—A demand for a survey, or the consent of the owner of lands that a survey may be made, is not an admission that the location of a corner or line is uncertain, or that they have been incorrectly located by a previous survey, nor is it a waiver of any right such owner has under a previous survey. *pp. 103, 104.*

From the Newton Circuit Court.   *Reversed.*

*Stuart Bros. & Hammond, E. Grant Hall* and *J. W. Dyer,* for appellant.

*Daniel Fraser* and *W. H. Isham,* for appellee.

Dowling, J.—Frank Atkinson and Rachel Atkinson, who were the plaintiffs below, appealed from a statutory survey made by one Gavis to the Benton Circuit Court. The survey appealed from was set aside, and, upon the appointment and order of the court, a second survey was made by one Kolb.

Frank Atkinson and Rachel Atkinson again appealed. The venue of the court was changed to Newton county, and a trial in the Newton Circuit Court resulted in a verdict and judgment against the survey so made by Kolb.

Motions for a new trial and in arrest of judgment were made and overruled, and exceptions were taken to these decisions.

The judgment upon the verdict directed that the Kolb survey be set aside, and that Lewis S. Aster, a competent surveyor, be appointed to make a new survey, and to establish the line between sections twenty-eight and twenty-nine, in township twenty-four north, range seven west, in Benton county. There was also a judgment for costs against Williams. From this judgment Williams appealed to this court, and the errors assigned are the overruling of the motions for a new trial and in arrest of judgment.

Frank Atkinson seems to have no interest in the controversy.

As the motion in arrest of judgment is not discussed in appellant's brief, the objection to the ruling on this motion is waived.

The reasons for a new trial which we consider material, relate to the admission in evidence of a supposed record of what is referred to as the Robertson survey; the exclusion of certain documentary evidence offered by appellant; and the giving of, and refusal to give certain instructions.

By the admission of counsel for appellees, the substantial

Williams *v.* Atkinson.

controversy is as to the admissibility in evidence of the so-called Robertson survey.

Upon the trial below, the appellees were permitted to introduce in evidence, over the objection and exception of the appellant, the following writing:

"Wm. T. Rowe.

"The parties present, and consenting to survey and location of corners. James Howeth and Thomas Crawson were sworn as chain-carriers, perpetuated section corner between sections 20-21, 28-29 in town. 24 north, range 7 west, by a post at 'A,' thence located qr. section, or 1-2 mile corner at 'C,' by oak post marked 1-4 s. and also the 1-2 1-4 sec. corner between 'A' 'C,' by oak post marked 1-2 1-4 s.    H. Robertson, Co. Surveyor.    Surveyed May 14th 1853." ·

The action of the court in admitting this paper in evidence was erroneous.    As the law stood when this survey is alleged, to have been made, ten days' notice of such survey was required as to the resident owners of the adjoining lands, or, if such owners were nonresidents of the county, three weeks' notice by publication in a newspaper nearest to such land, unless all the proprietors of the lands adjoining the corner which the county surveyor was required to establish or perpetuate, and the line which he was required to view and establish, were present and consenting to the survey, or had consented thereto in writing.    1 R. S. 1852, p. 469.

The supposed record of the Robertson survey wholly fails to show that any notice was given, or that all the proprietors of the lands adjoining the corner to be perpetuated and the line to be established were present and consenting to the survey, or that they had so consented in writing.    The words, "The *parties* present and consenting to survey and location of corners," do not import that *all the proprietors of the*

Williams *v.* Atkinson.

*lands to be affected by such survey* were present and consenting. Who the *"parties"* so alleged to be present were, or whether they were the owners of the lands adjoining the corners to be perpetuated, or the lines to be viewed and established, does not appear. To render the supposed record admissible in evidence, the names of such owners of the adjoining lands as were present should have been set out, or it should have been shown by other evidence that they had been duly notified, had consented in writing to such survey, or were present and consenting to it. Such evidence by parol or in writing would have been competent. This omission in the document offered was not supplied by any kind of proof. If notice was not given to the adjoining landowners, or if they did not consent in writing, or were not present and consenting, the surveyor had no authority to establish or perpetuate a corner, or to view and establish a line, and his proceedings under such circumstances were void. This defect in the supposed record is not obviated by any presumption that the officer did his duty. It was not his duty to notify the proprietors of adjoining lands, to bring them before him, or to obtain their consent to the survey. The cases referred to by counsel for appellees in support of the proposition that, where a public record is silent as to notice, the law will presume that notice was given, relate only to courts of general jurisdiction. Where the court is one of inferior and limited jurisdiction, such as the court of a justice of the peace, no such presumption is indulged, but it must affirmatively appear that notice was given. *Ohio, etc., R. Co.* v. *Shultz,* 31 Ind. 150; *State* v. *Gachenheimer,* 30 Ind. 63.

It is said in *Strosser* v. *City of Fort Wayne,* 100 Ind. 443: "The right to notice is a fundamental one, and it is a rule of wide application, that, in order to take from a citizen any rights, or impose upon him any burdens, notice of some kind must be given him."

This rule applies as well to statutory proceedings where

notice is required, such as official surveys of lands, as to the proceedings of courts.

The exclusion by the court of the written agreement between appellant and Templeton, the assignee of Cephas Atkinson, a former owner of section twenty-eight, was proper. While the contract mentioned the quantity of land appellant was to get, it afforded no evidence of the true location of the disputed corner or line.

Appellant offered in evidence a letter from Templeton, the assignee of Cephas Atkinson, stating that no private survey made by appellant would be recognized, and warning appellant to keep off of section twenty-nine (then held by Templeton as such assignee) until a legal survey should be made and the corners and lines legally established. The court sustained an objection to this evidence, and, we think, correctly. It proved nothing, and no advantage could inure to appellant from any supposed admissions made in it.

The court of its own motion gave to the jury instructions numbered eleven and twelve, to which appellant excepted. Both of these instructions were based upon the record and documentary evidence of the Robertson survey, which, as we have decided, was improperly admitted. While these instructions might be unobjectionable under some circumstances, as abstract statements of the law, they were not applicable to the facts of this case, and were calculated to mislead the jury. The court having permitted the record of the Robertson survey to be given in evidence, and no proof that the owners of the adjoining lands affected by that survey were present and consenting thereto having been made, except such as was furnished by the recital in that record, these instructions authorized the jury to find from that recital alone, that such owners were present and consenting to the survey. This, we think, was error.

Appellant also complains of instruction numbered two, given by the court at the request of appellees, but the objection is not well taken. The instruction states the law cor-

rectly.    An agreement between landowners that a survey shall be made does not justify the surveyor in changing a corner or line lawfully established by a previous survey.

The rulings of the court in refusing to give instructions numbered one, two, three, and four are called in question. These instructions informed the jury, in substance, that they should not consider the Robertson survey, of which, as we have seen, there was no proof; that the question they were to try was whether the Kolb survey was corrrect; that the Robertson survey was not conclusive as to the location of the corner in dispute, and, if considered at all, it was to be considered in connection with other evidence in the case; and that the jury were to determine, upon the whole of the evidence, whether the Kolb survey was substantially correct and conformed to the original government survey.

These instructions stated the law correctly, and should have been given.

The last point discussed by appellant's counsel is the legal effect of an agreement, signed by each of the proprietors of lands adjoining the disputed corner and line, substantially as follows:

"For the purpose of establishing the southwest corner and the northwest corner of section twenty-eight (28) and the line dividing said section twenty-eight (28) from section twenty-nine (29), and perpetuating the same, in township twenty-four (24) north, of range seven (7) west, in the county of Benton, and State of Indiana, and for the purpose of saving the expense of publication and service of notice, I hereby waive service as required by statute, and consent that such survey may be had on Thursday, May 9, 1895, and hereby represent that I am the owner of the, etc., etc., in said county and State."    [Signed by owner of land described.]

It is contended by counsel for appellant that this paper operates as a waiver of former surveys and is an agreement to disregard them.    We put no such construction on it.    The sole and only effect of this agreement was to dispense with

the notice required by the statute. *Wood* v. *Kuper*, 150 Ind. 622.

Neither a notice by the owner of lands that he will cause an official survey to be made, nor the consent of such owner, in writing or otherwise, that a survey may be made, for the purpose of establishing corners or lines, operates as a waiver or abandonment of any right such owner may have under previous surveys. Such notice or consent does not in any manner or to any extent set aside former surveys or authorize any one to disregard them. A demand for a survey, or the consent of the owner of lands that a survey may be made, is not to be construed as an admission that the location of a corner or line is uncertain, or that such corners or lines have been incorrectly located by any previous survey, or that any corner or line established or located by a former survey is to be set aside.

For the errors of the court in admitting the record of the Robertson survey, and in giving and refusing to give the instructions referred to in this opinion, the judgment is reversed, with instructions to grant a new trial.