## WAGNER *v.* MEYER ET AL.

[No. 7,860.   Filed April 2, 1913.]

1. APPEAL.—*Review.—Evidence.—Sufficiency.*—Where the evidence is conflicting, and it cannot be said that there was no evidence upon which the court could base its decision, such decision will not be disturbed on appeal on the alleged insufficiency of the evidence.  p. 224.

2. EVIDENCE.—*Admissibility.—Surveys.*—Evidence of certain surveys would be inadmissible over proper objections on the ground that neither the records of the surveys, nor any other evidence introduced, showed that any of the adjacent landowners had any notice of any of said surveys, or that they in any way participated in or consented to the making of such surveys.  p. 224.

3. APPEAL.—*Presentation of Questions for Review.—Objections to Evidence.*—Appellant can take no advantage of the erroneous admission of evidence by the trial court where the objection presented on appeal was not presented to the trial court and was entirely different from the only objection presented at the trial.  p. 224.

4. TRIAL.—*Admission of Improper Evidence Without Objection.—Consideration.*—When evidence, which might have been excluded if proper objection had been made, has been allowed to go before the court, it may be considered for whatever probative value it may have.  p. 225.

From Ripley Circuit Court; *Francis M. Thompson,* Judge.

Action by Henry Wagner against Peter Meyer and Henry Reckeweg.  From a judgment for defendants, the plaintiff appeals.  *Affirmed.*

*Cornet & Jackson,* for appellant.

*Thomas E. Willson, Charles H. Willson, Charles R. Willson* and *Romney L. Willson,* for appellees.

IBACH, C. J.—This suit was brought by appellant to enjoin appellees from cutting and removing a fence and from plowing up and digging up and removing the dirt and earth from appellant's real estate.  Appellees in answer to the complaint alleged that the fence was in the limits of the highway, and they as trustee of the township and supervisor of roads, respectively, were proceeding to move the fence be-

cause it was in the highway and the appellant had refused, upon due notice, to move it. The errors assigned arise under the motion for new trial. The evidence shows that the highway was ordered laid out by the county commissioners in 1887, thirty feet wide on the east and west center line of section 17, township 8 north, range 11 east. Appellant owned land on the north side of and extending to the center line of section 17. The highway was laid out in 1887, and there was evidence tending to show that it had always been located where it now is. The records of several different surveys were introduced in evidence, by each of which there had been attempts to locate the east and west center line of section 17, as it had been originally laid out. Some of these surveys showed appellant's fence to be nearer than 15 feet to the center of the highway, and therefore within its limits. There was some conflict as to whether appellant had for more than twenty years held possession of the land within his fence under claim of right. The evidence is conflicting. We can not say that there is no evidence from which the court could find that appellant's fence was within the limits of the highway, and the decision can not be disturbed on the ground that it is not sustained by the evidence.

Appellant, citing *Williams* v. *Atkinson* (1899), 152 Ind. 98, 52 N. E. 603, asserts that the surveys of Cavender, Hughes, Pegee, and Wright were void, and should not be considered in evidence, for the reason that neither the records of the surveys nor any other evidence introduced showed that any of the adjacent landowners had any notice of any of said surveys, or consented in writing to any of said surveys, or were present and participated in or consented to any of said surveys. An objection to the admissibility of this evidence, upon the above grounds would be proper, and should be sustained under the authority cited. But appellant has failed to save any proper objection to the admission of such evidence.

Appellant himself introduced the evidence of one of these surveys, he failed to object to the introduction in evidence of some of the others, and the only objection made to the introduction of any of them was entirely different from the one here presented. Appellant having failed to object to the introduction of the reports in evidence, upon the ground here asserted, has waived the right to object on such ground, and can take no advantage in this court of the fact that the evidence was erroneously admitted. *Riehl* v. *Evansville Foundry Assn.* (1885), 104 Ind. 70, 3 N. E. 633; *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541, 549, 70 N. E. 888. When evidence which might have been

4. excluded if proper objection was made, has been allowed to go before the court, it may be considered for whatever probative value it may have. *Riehl* v. *Evansville Foundry Assn., supra; Metropolitan Life Ins. Co.* v. *Lyons* (1912), 50 Ind. App. 534, 98 N. E. 824. These surveys would have some tendency to show the location of the center line of the section, even though it did not appear that they were made by the consent of the owners. Also, aside from the evidence of these surveys, there was some evidence tending to show that the fence was in the highway.

No error appearing, the judgment is affirmed.

NOTE.—Reported in 101 N. E. 397. See, also, under (1) 3 Cyc. 360; (2) 5 Cyc. 965; (3) 2 Cyc. 693; 38 Cyc. 1388; (4) 38 Cyc. 1394. As to conflicts in surveys in determining boundaries, see 22 Am. St. 34.