## McCray v. Whitney.

[No. 8,263. Filed April 21, 1914.]

1. EXECUTION. — *Supplementary Proceedings.* — *Motion to Stay.* — *Discretion of Court.*—A motion for stay of proceedings is largely addressed to the court's discretion, and where, in a proceeding supplementary to execution, after answer had been made and the trial had progressed for two days, a motion for stay on the ground that another action involving the same issue was pending between the parties was presented, the court did not abuse its discretion in overruling same. p. 96.

2. JUDGMENT.—*Collateral Attack.*—*Motion to Stay Proceedings.*— Where a note had been reduced to judgment, a motion to stay proceedings supplementary to execution on the ground that another action was pending to compel the surrender of such note, presented matters constituting a defense to the original action, and was in effect a collateral attack on the judgment, and was therefore properly refused. p. 96.

3. APPEAL.—*Objections to Evidence.*—*Presentation Below.*—Objections to the admission of evidence to be available on appeal, must have been first presented to the trial court. p. 97.

4. EXECUTION.—*Supplementary Proceedings.*—*Evidence.*—*Admissibility.*—Where an execution defendant filed a schedule showing

that his property, consisting of bank stock, had been hypothecated to secure a loan, it was proper to permit him to testify in a proceeding supplementary to execution as to what he did with the proceeds of such loan, since the disposition of such proceeds was a principal matter in issue.  p. 97.

5.    APPEAL.— *Review.— Evidence.— Record.— Presumptions.—* The court on appeal is unable to determine the sufficiency of the evidence where it is not all in the record, so that where evidence was admissible under the issues that would have sustained the judgment, it will be presumed in aid of the judgment that such evidence was admitted.  p. 98.

From Superior Court of Marion County (85,108); *Clarence E. Weir,* Judge.

Action by N. Rue Whitney against A. A. McCray.  From a judgment for plaintiff, the defendant appeals.  *Affirmed.*

*Shepard & VanBriggle,* for appellant.

*G. W. Paul,* for appellee.

IBACH, J.—Appellee on June 29, 1911, recovered judgment against appellant and others for $853.50.  Execution was issued on this judgment on July 14, 1911, and on October 3, 1911, levy was made on twenty shares of bank stock of the par value of $2,000 owned by appellant, which had been assigned by him to the Marion Trust Company as collateral security for a note of $1,750 dated July 15, 1911.  On October 6, 1911, appellant filed with the sheriff of Marion County a schedule of his property, in which he made affidavit that the twenty shares of bank stock were worth $2,000; that he had other property worth $40; that this was all his property; that he had assigned the bank stock to the Marion Trust Company on July 14, 1911, for $1,750, which money was used to pay his debts, household expenses, rent, clothing for his family and traveling expenses.  He asked that his equity in the bank stock be set aside as exempt from execution.  After this schedule was filed the sheriff refused to advertise and sell said bank stock.  On October 7, 1911, appellee began supplementary proceedings to enforce the sale of the stock, and from an order directing the

sheriff to sell the bank stock to satisfy the judgment, subject to the superior lien of the Marion Trust Company, this appeal is taken.

It is first urged that there was error in overruling appellant's motion for a stay of proceedings. This motion stated that another cause was pending in the Marion Superior Court between the same parties, involving the same subject-matter, the decision of which would determine the right set up in this cause, the facts being that in this other cause appellant had sued appellee upon a complaint alleging that the judgment against appellant for $853.50, upon which the execution above mentioned had issued, had been rendered on a note for $750, payable to appellant, which he had loaned to one Quinn to use as collateral to obtain a loan of $250 on a note executed by Quinn; that appellant had offered to pay and is ready and willing to pay to appellee the amount of said note of $250 with interest and costs of the suit upon the collateral note, and the prayer was that appellee be required to surrender to appellant the principal note, collateral note, and for judgment.

A motion for stay of proceedings is largely addressed to the court's discretion, and his refusal to grant such motion will not be reviewed except for abuse. There was

1. certainly no abuse of that discretion here for the motion was not filed until after answer had been made and the trial had proceeded for two days. Further,

2. the present motion is largely in the nature of a collateral attack upon a judgment, and sets up a defense to a note which had become merged in the judgment, and for that reason the motion should not have been granted. It is the duty of a party against whom a suit has been brought to appear and set up all legal defenses which he may have, and he will not be permitted after judgment has been obtained against him and a proceeding supplemental to execution has been filed, then to appear and collaterally urge a defense which involves an inquiry into the merits of the

original judgment. *Brown* v. *Nellis* (1892), 6 Ind. App. 323, 33 N. E. 672; *Wilson* v. *Buell* (1889), 117 Ind. 315, 20 N. E. 231; *Cannon* v. *Castleman* (1904), 162 Ind. 6, 69 N. E. 455; *State, ex rel.* v. *Board, etc.* (1904), 162 Ind. 580, 68 N. E. 295, 70 N. E. 373, 984.

It is also urged that the court erred in admitting the testimony of McCray as to what use he made of the $1,750 loan obtained by him from the Marion Trust Company.

3. When this evidence was offered, the only objection made was that the matter had been gone into before. The objection here made is that no lien had attached

4. to the stock when the assignment was made, and that he had a right to dispose of the proceeds of the loan as he pleased. No objection to the admission of evidence can be first made in this court, but in order to present such a question for our decision, the trial court must have passed on the objection here presented. *Wagner* v. *Meyer* (1913), 53 Ind. App. 223, 101 N. E. 397, and cases cited. However, we think the court was clearly right in admitting the testimony. The purpose of a proceeding brought under §859 Burns 1914, §816 R. S. 1881, such as the present, is to cause the judgment debtor to answer concerning his property, which the plaintiff has sworn that the debtor refuses unjustly to apply to the satisfaction of the judgment. Here appellant must answer why his stock was not subject to execution. "It was a very pertinent inquiry as to what had become of the proceeds of property disposed of by appellee and might have led to the discovery of something tangible, and upon which an execution could have been levied." *Comstock* v. *Grindle* (1890), 121 Ind. 459, 462, 23 N. E. 494. Appellant in his sworn schedule had made certain statements as to what use he had made of the proceeds of the loan in question, and the truth of these statements was the principal issue in the case. Therefore the court had a clear right to examine him upon this point.

The record shows that the testimony of two witnesses was omitted from the transcript, therefore we can not decide whether the evidence is sufficient to sustain the judgment. If the evidence was such that the court could have found that appellant owned property worth $600 or more, in addition to his equity in the bank stock, the decision was not contrary to law, and as such evidence was admissible under the issues, we may presume in aid of the judgment, that such evidence was given.

Judgment affirmed.

NOTE.—Reported in 104 N. E. 979. As to temporary stays of execution, see 127 Am. St. 710. See, also, under (1) 17 Cyc. 1443; (2) 23 Cyc. 1065; (3) 2 Cyc. 693; (4) 17 Cyc. 1440, 1442; (5) 3 Cyc. 166, 313.