## Emily M. Ocasek, Administratrix of the Estate of Charles J. Ocasek, Deceased, Appellee, v. Chicago City Railway Company et al., Appellants.

### Gen. No. 27,237.

1. EVIDENCE—*eyewitness evidence as affecting competency of evidence of habits of care in action for death.* Evidence as to habits of care of a pedestrian who was killed by a street car is incompetent when there is evidence by one who claims to have been an eyewitness of the accident.

2. APPEAL AND ERROR—*waiver of error in admitting incompetent evidence.* A street railway company cannot contend on appeal that it was error to deny a motion for an instructed verdict, there being no competent evidence of the exercise of due care by the plaintiff, when such party made no motion to exclude the incompetent evidence as to habits of care by the plaintiff, after its admission, and did not, so far as the record showed, ground their motion for an instructed verdict on the incompetency of the evidence.

3. STREET RAILROADS—*impropriety of instruction permitting jury to consider incompetent evidence as to decedent's habits of care.* In an action for the death of a pedestrian who was killed by a street car, where there was a close state of facts as to the exercise of due care by the decedent, and incompetent evidence of habits of due care by the deceased was admitted though there was an eyewitness, the giving of an instruction entitling the plaintiff to a verdict if, from the evidence, he was in the exercise of due care for his own safety, was error, as it authorized the jury to consider the incompetent evidence and gave it probative value when it had none at law.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH H. FITCH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1921. Reversed and remanded. Opinion filed May 23, 1922.

CHARLES LE ROY BROWN, for appellants; JOHN R. GUILLIAMS, FRANK L. KRIETE and FRANKLIN B. HUSSEY, of counsel.

PAUL A. NEUFFER and CHARLES P. MOLTHROP, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an action under the statute to recover damages for death resulting from the decedent being run into by one of appellants' street cars. The car was running south on Crawford avenue, Chicago, and he was crossing the street at or near the south line of its intersection with 15th street.

On the theory that there was no eyewitnesses to the accident, plaintiff introduced proof of decedent's habits of care. The motorman who controlled the car was called by the defense and testified in detail to his observation of the accident and decedent's movements at that time. No objection was made to, or motion to exclude, the evidence relating to decedent's habits of care, which concededly is incompetent evidence when there is evidence by one who claimed to be an eyewitness of the accident. *Petro v. Hines,* 299 Ill. 236.

Contending that there was no other proof than this incompetent evidence to sustain plaintiff's averment that decedent exercised due care for his own safety, appellants urge that it was error to deny their motion for an instructed verdict, made at the close of the evidence, and that, if the case was properly permitted to go to the jury, there was error in giving an instruction which permitted the jury to consider such testimony. Inasmuch as appellants made no motion to exclude such evidence, which, after its admission without objection, was the proper method of presenting the question of its competency to the court, and did not, so far as the record shows, ground their motion for an instructed verdict on the incompetency of such evidence, we do not think they are in a position to urge error in the denial of their motion for an instructed verdict. The evidence was still in the record, though improperly so.

But whether there was error in giving such instruc-

tion is another question. It called for an instructed verdict for plaintiff in case the jury believed from the evidence, among other things, that plaintiff's intestate "while in the exercise of ordinary care for his own safety," etc., lost his life by and through the negligence of defendants. It therefore authorized the jury to consider such incompetent evidence, and gave it probative value when it had none in law. Even if it could be said that there was other evidence from which care on the part of the intestate might be inferred, yet in view of the fact that the record at the best disclosed a very close state of facts with respect to whether decedent was not guilty of contributory negligence, we think the giving of this instruction, which thus permitted the jury to throw into the balance on that question the evidence adduced respecting decedent's habits of care, constituted reversible error. The judgment will therefore be reversed and, as in our opinion the record does not justify holding that there was absolutely no evidence from which the exercise of ordinary care on the part of the deceased, meager though it may be, might be inferred, the cause will be remanded.

In view of this conclusion other questions argued need not be considered.

*Reversed and remanded.*

GRIDLEY, P. J., and MORRILL, J., concur.