INDEMNITY INSURANCE COMPANY OF NORTH AMERICA *v.* KRONE.

Opinion delivered July 9, 1928.

954

*Cravens & Cravens,* for appellant.

*Earl U. Hardin* and *W. L. Curtis,* for appellee.

WOOD, J. This was an action instituted by Gus Krone, doing business as Southern Cigar & Candy Company (hereafter called, for convenience, Krone) v. J. D. Wheeler and the Indemnity Insurance Company of North America (hereafter called company). Krone was in the cigar and candy business in Fort Smith, Arkansas. Wheeler was employed by him as bookkeeper and cashier. The company executed an indemnity bond to Krone in the sum of $2,000, indemnifying Krone against any loss which he might sustain by reason of larceny or embezzlement committed by Wheeler against Krone during a period of one year, beginning March 14, 1926, and ending March 14, 1927. The cause was submitted to a jury. It was proved by the undisputed testimony on the part of the plaintiff that Wheeler, during the period covered by the bond, did steal or embezzle from Krone $2,646.03.

The court, over the objection of the company, permitted the introduction of the following:

"Fort Smith, Arkansas, June 7, 1926. I, Joe D. Wheeler, of my own will and accord, do hereby acknowledge and admit that I did steal and use for my own use the sum of $2,646.03 from the Southern Cigar & Candy Company during the fall and summer of 1925 and the

winter of 1925 and the spring of 1926. (Signed) J. D. Wheeler." On typewriter: "Jno. D. Wheeler. Witness: W. R. Johnson, John Arch, Vance Hill."

To this ruling the company duly excepted.

Among other prayers for instructions the company presented the following:

"No. 2. You are instructed that if you believe, from a preponderance of the evidence in this case, that the plaintiff, without previous notice to and the consent of the defendant, Indemnity Insurance Company of North America, in writing, made any settlement with J. D. Wheeler for any loss under the bond sued on herein, or that the plaintiff did any act whereby the liability of the said J. D. Wheeler to the plaintiff was changed in any material respect, then you are instructed that your verdict should be for the defendant; and in this connection you are further instructed that the acceptance by the plaintiff, if any, of a certain amount of cash from the said J. D. Wheeler, if any, and the acceptance of a note, if any, of the said J. D. Wheeler *et al.,* which said cash and note was to apply on the alleged shortage of the said J. D. Wheeler, if it was to be applied to the plaintiff, if any, would be such a change in the liability of the said J. D. Wheeler to the said Gus Krone as would be material."

The court refused the above prayer for instruction, to which ruling the company duly excepted.

The court granted the following prayer of the company:

"You are instructed that if you believe, from a preponderance of the evidence in this case, that the plaintiff, without previous notice to and the consent of the defendant, Indemnity Insurance Company of North America, in writing, made any settlement with J. D. Wheeler for any loss under the bond sued on herein, or that said plaintiff did any act whereby the liability of the said J. D. Wheeler to the plaintiff was changed in any material respect, then you are instructed that your verdict should be for the defendant."

At the instance of Krone, the court gave the following instruction:

"You are instructed that if you find from the testimony that the defendant surety company was present by its attorney and acted in conjunction with attorney for plaintiff in trying to effect a settlement or to obtain reimbursement from J. D. Wheeler, or his estate, or third person, for the money alleged to have been stolen or embezzled, such action upon the part of the plaintiff would not constitute a breach of the conditions of the bond which provides for written notice to the surety company of the intended effort to effect settlement."

To this ruling, the company duly excepted.

The company answered the complaint, and denied liability. The defendant, Wheeler, although duly served with summons, did not answer. Judgment was rendered against him by default in the sum of $2,553, the jury having returned the verdict against him for that sum. The jury returned a verdict in favor of Krone against the company in the sum of $2,000. Judgment was entered in favor of Krone against the company for that sum, from which the company appeals.

1. The court did not err in allowing Krone to introduce the written confession of Wheeler set out above. There are two reasons why this confession was admissible: first, because it was of the *res gestae*. The very terms of the bond made the company liable for loss to Krone "caused by any act of larceny or embezzlement upon the part of the employee in the performance of the office or position in the service of his employer and occurring during the continuance of this bond, and *discovered at any time within six months* after the expiration or cancellation of this bond. The larceny or embezzlement of Wheeler, as shown by his written confession, was while he was still in the employ of Krone as cashier and bookkeeper, during the period covered by the bond. The plaintiff, Krone, could not recover against the company unless he proved that Wheeler was guilty of embezzlement, and, as said by us in the recent case of *Fidelity & Deposit Co.*

*of Maryland* v. *Cunningham, ante,* p. 638, it was compe-
tent in the trial of this cause to prove his admission.'' In
that case the plaintiffs sued the surety and the principal
on the bond, in which there was a joint and several liabil-
ity of the principal in the bond and the surety, whereas in
this case there was no joint and several liability of prin-
cipal and surety expressed in the bond. But in that case
the bond, as in the case at bar, made the surety liable for
loss to the obligee by reason of any personal act or acts
of larceny or embezzlement committed by the principal in
the discharge of his duties in his official position. The
matter essential to be proved in that case, as in the case at
bar, before the liability of the surety attached under the
bond, was the fact of the larceny or embezzlement of the
principal in the discharge of the duties of his official posi-
tion. Hence the doctrine of that case is clearly applicable
here as to the admissibility of the confession of the prin-
cipal as showing his embezzlement.

The undisputed testimony shows that the confession
of the principal was made while he was still in the employ
of Krone, and was in response to inquiries made by him
of Wheeler concerning the defalcation, of which Krone
suspected he had been guilty. It will be observed that
the language of the bond itself contemplated that the
company would be liable for any larceny or embezzle-
ment committed by Wheeler *during the continuance of
the bond, if such larceny or embezzlement were discovered
within six months after the expiration or cancellation of
the bond.*

Now, any larceny or embezzlement committed by
Wheeler during the period covered by the bond, to the
extent of $2,000, is a liability against the company on its
bond. Any admission or confession of such larceny or
embezzlement, in response to an inquiry. made by the
obligee, during the period covered by the bond, is a part
of the *res gestae,* because the bond itself contemplates
that discovery may be made of such dereliction of the
principal, and, as before stated, one of the most effectual
methods of discovery is the voluntary confession of the

principal. As cashier and bookkeeper, it was certainly a part of Wheeler's business to account for the funds of his employer coming into his hands, and it was in the course of such business or employment for him to give an account to his employer, when requested or required by him to do so. Therefore, when Wheeler was requested by his employer to give an account of the funds which he had handled for him, his confession that he had stolen such funds is certainly of the *res gestae* in any inquiry involving the issue as to whether such funds were embezzled or stolen by Wheeler during the period covered by the bond. As we construe the written confession of Wheeler, in connection with the testimony of Krone, it was but tantamount to an accounting to Krone for the money that had come into his (Wheeler's) hands as cashier. Krone certainly had the right to demand of Wheeler, while the relation of employer and employee still existed, to render an account of his stewardship; and when Wheeler, in rendering an account to Krone, stated the amount of funds which had come into his hands, and that he had stolen such funds, his confession was a part of the act of accounting. As we take it, the statement of the principal (Wheeler) of the amount of funds that had come into his hands belonging to Krone and his confession that he had stolen the same, was during and in the course of his employment and in the line of his duty, and was therefore of the *res gestae* in this action by Krone against Wheeler and the surety on his bond.

Mr. Elliott states the law which is precisely applicable to the facts of this record as follows:

"The admissions of the principal are not ordinarily admissible against his surety, unless they are a part of the *res gestae*. Where, however, the admission of the principal involves his own conduct, and is made during the transaction of the business for which the surety is bound, such as an admission accompanying litigated acts or made by the principal pursuant to a request for information which it was his duty to answer in the discharge of his office, or the like, so as to be properly part

of the *res gestae,* it is receivable against the surety. But it is not necessarily conclusive in an action against the latter. It has been held, however, that the admission of a surety in a suit against both principal and surety is receivable against the principal as well as against the surety." 1 Elliott, § 253.

In *Guaranty Co. of North America* v. *Phoenix Ins. Co.,* 124 Fed. 170, 59 C. C. A. 376, it is said: "The admission of a servant, the principal, in an employee's bond, with respect to matters pertaining to his guaranteed duties, made while he is engaged in their discharge, is competent evidence against the surety on his bond." Many cases are cited to sustain the opinion. See also *Bailey* v. *McAlpin,* 122 Ga. 616, 50 S. E. 388; also *Bank of Brighton* v. *Smith,* 12 Allen 243, 90 Am. Dec. 144.

But, on the other hand, if the statement of Wheeler, above set forth, had been made after the period covered by the bond had expired and after the relation of employer and employee had ended and in response to an inquiry made by Krone as to whether Wheeler had embezzled funds while he was Krone's cashier, then such statement unquestionably would not be of the *res gestae,* for the reason that it would not be a statement made while in the course of his (Wheeler's) employment and while in the performance of his duty as cashier. Such statement would then be but the narrative of a past transaction and not of the *res gestae,* and therefore not admissible. The declarations of a principal made subsequent to the act to which they relate, and not made during the transaction of the business for which the principal is bound, are not of the *res gestae,* and would not be competent and relevant testimony in an action alone against the surety. There is really no conflict in the authorities on these well established rules of law; but, as is said in *Dietrich* v. *Dr. Koch Veg. Tea Co.,* 56 Ok. 636, 156 Pac. 188, "the difficult proposition is not to lay down the law, but to apply it. It is easy to say that, if the admissions of the principal constitute a part of the *res gestae,* they would be admissible against a surety, otherwise not." But it is by no

means an easy problem to determine always, as we have found in this case, just when the admission of a principal in an action against the surety is of the *res gestae*. However, we are convinced that the statement of Wheeler was admissible as of the *res gestae,* for the reason, as stated above, that he made the confession in response to his employer's investigation and inquiry for an accounting, while he was engaged in the performance of his duty as cashier and bookkeeper, to render an account for the funds he had received and the disposition made thereof. These facts, we believe, make the statement and confession a part of the *res gestae,* and therefore admissible. While the facts are different, the rule of law is recognized and stated in *State* v. *Newton,* 33 Ark. 276, 289, where we said, "the surety is bound by the acts and declaration of his principal, being within the scope of the business, as a part of the *res gestae;"* and in *Williams* v. *Elrod,* 128 Ark. 207-210, 193 S. W. 514, we held that the declarations of an agent or employee relating to a transaction in which he had real or apparent authority to act, and during the very transaction in which he was engaged, is of the *res gestae*.

We concede that the case of *Stetson* v. *City Bank of New Orleans,* 2 Ohio St. 167, upon which counsel for appellant rely to sustain their contention that the confession of Wheeler was not a part of the *res gestae,* is a thoroughly considered case upon the subject under review; but, while the court announces the correct doctrine of law, it occurs to us it misapplied it to the facts of that case. For we are convinced that the admissions or confessions of the principal in that case as to the extent of his defalcation, made to the other officers of the bank, while he was still cashier, were in the very line of his duty and during the course of his employment, and should have been admitted as a part of the *res gestae,* and binding on his surety, while the confessions made after his employment had ended were not of the *res gestae*.

The second reason why the statement was admissible in this case is because the action was against both the principal and the surety. While the principal did not appear and answer, he was not dropped from the action, but it was prosecuted through to a final judgment as a joint action against him and the appellant, his surety. The statement adduced was relevant testimony to establish the amount of his liability, and, to the extent of the bond, the liability also of the appellant as his surety. When the suit is against the principal and surety jointly, on a joint or joint and several obligation, an admission or declaration of the principal which is competent evidence against him is also generally held to be competent evidence against the surety. See Brandt, Suretyship and Guaranty, 295. The liability here was joint to the amount of $2,000.

In *Singer Mfg. Co.* v. *Reynolds,* 168 Mass. 588, 47 N. E. 438, 60 A. S. R. 417, Reynolds was the principal in a bond given for the faithful performance of his duties as an employee of the plaintiff corporation. Leonard was the surety on his bond. Reynolds made a statement, during the period covered by the bond, precisely similar in effect to the statement made by Wheeler in the case at bar. The plaintiff corporation instituted a joint action against Reynolds and Leonard, his surety, to recover the money which Reynolds, in his written statement, admitted he had received as agent of the corporation, and had embezzled. The trial court admitted the statement of the principal, over the objection of the surety, and the Supreme Court of Massachusetts held that the ruling was correct, saying: ''The admission of the principal was, under our decisions, admissible against both.'' Such is the effect of our recent holding in *Fidelity & Deposit Co. of Md.* v. *Cunningham, supra.* See also *Rotan* v. *Nichols,* 22 Ark. 245, where we announced the principle that ''the admissions of a person united in interest with a party to the suit are admissible in evidence against such party.'' Citing 1 Greenleaf on Evidence, § 171. The confession of

Wheeler, being freely and voluntarily made, is conclusive against him if made in good faith, and it is at least *prima facie* evidence against the appellant, his surety, because they are his privies in law and jointly liable with him to the amount of the bond. See *Stevens* v. *Crawford*, 1 Ga. 574, 44 Am. Dec. 680; also *Dietrich* v. *Koch Veg. Tea Co., supra.*

2. The bond upon which the action was founded contained the following provision: ''If, without previous notice to and consent of the surety thereto in writing, the employee in his employment, after having become aware of any act which may be made the basis of any claim hereunder, or make any settlement with any employee for any loss hereunder, or do any act whereby the liability of the employee to him is changed in any material respect, this bond shall be null and void, both as to any existing or future liabilities hereunder.'' Without setting out and commenting upon the issue as to whether Krone had made a settlement or done any act without the consent of appellant, whereby the liability of Wheeler to Krone was changed in any material respect, it suffices to say that, after a careful consideration of the testimony on this branch of the case, we are convinced that it was an issue for the jury as to whether such a settlement had been made or act done. This issue was submitted to the jury in appellant's prayer for instruction No. 3, which the court granted. The appellant's instruction was couched substantially in the language of the bond. The court, having granted the prayer of the appellant, did not err in refusing appellant's prayer for instruction No. 2, covering the same issue. Appellant's prayer for instruction No. 3 was not argumentative, and was a correct declaration of law on the issue raised under the terms of the bond above set forth. Our conclusion is that this prayer presented the issue in terms as favorable to appellant as it was entitled to under the evidence.

Appellant's prayer for instruction No. 2 was argumentative, and invaded the province of the jury. The court ruled correctly in refusing such prayer, especially

in view of the fact that the court granted appellant's prayer No. 3, covering the same matter, but not in an argumentative form. Under the controverted facts adduced in evidence the court did not err in refusing to tell the jury as a matter of law that the acceptance of a certain amount of cash from J. D. Wheeler, if any, and the acceptance of the note, if any, of J. D. Wheeler *et al.*, was a change in the liability of Wheeler to Krone which would be material as affecting the liability of appellant to Krone under the terms of the bond. If such a settlement had been made by Wheeler with Krone, appellant does not prove that this would change Wheeler's liability in any material respect, that is, in any respect that would be detrimental to appellant. Appellant does not prove or attempt to prove that any alleged settlement between Wheeler and Krone would result in any loss or damage to the appellant, and it is difficult to see how it could be otherwise than beneficial to appellant. Therefore the appellant is not prejudiced, and is not in an attitude to complain when the court refused to grant an argumentative instruction on this issue, after having presented the issue at appellant's request in almost the exact language of the appellant's bond, upon which the alleged liability of appellant is predicated.

There are no reversible errors in the rulings of the trial court. The judgment therefore must be affirmed.