167 So. 728

**PAN AMERICAN PETROLEUM CORPORATION v. MULLACK et al.**

**I Div. 913.**

Supreme Court of Alabama.

Feb. 20, 1936.

Rehearing Denied April 23, 1936.

Jesse F. Hogan, of Mobile, for appellant.

Hybart & Chason, of Bay Minette, for appellees.

**BROWN, Justice.**

Action of assumpsit by appellant against appellees on a bond guaranteeing and insuring the plaintiff against loss in consequence of the infidelity of plaintiff's employee, J. S. Brewton, to recover the sum of $987.72, coming into his hands as such employee, which he converted to his own use and for which he failed to account. Craft v. Standard Acc. Ins. Co., 220 Ala. 6, 123 So. 271; United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622.

The defendants pleaded the general issue and that the instrument sued on was without consideration. One of the defendants pleaded specially a conditional delivery of the obligation and a breach of the condition. On issue joined the plaintiff offered as evidence an affidavit and statement delivered to plaintiff's auditor in which Brewton admitted his shortage to the amount claimed.

This admission by the employee as to past transactions was clearly hearsay as to defendants, and the court properly sustained the defendants' objection thereto. United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622.

The original sales tickets and the "record" kept by Brewton were not brought within the rule of admissibility by showing that "the party making the entries must have had personal knowledge of the transactions entered." Loveman, Joseph & Loeb v. McQueen, 203 Ala. 280, 82 So. 530, 533; Denson v. Kirkpatrick Drilling Co., 225 Ala. 473, 144 So. 86.

The record appears free of errors.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.

### On Rehearing.

**BROWN, Justice.**

The appellant in its application for rehearing states: "As we read the record, the undisputed evidence shows that J. S. Brewton, before his employment had terminated and while he was performing the duties for which the surety was bound, made a written admission that he was in default in the sum of $987.72, which he had converted to his own use."

The alleged written admission of Brewton, made on May 4, 1929, shows on its face that his relation as agent of the plaintiff terminated on May 3, 1929. Therefore, if it be assumed that the rule of the case applicable to principal and surety applies to a guarantor or insurer—an obligation to which the employee is not a party—the court ruled correctly in sustaining the objection to the item of evidence.

Application overruled.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.