69 So.2d 411

**JACKSONVILLE PAPER CO.**

v.

**HARTFORD ACCIDENT & INDEMNITY CO.**

1 Div. 487.

Supreme Court of Alabama.

Dec. 17, 1953.

Caffey, Gallalee & Caffey, Mobile, for appellant.

Smith, Hand, Arendall & Bedsole, Mobile, for appellee.

PER CURIAM.

·This case involves the question of whether· the affirmative charge was properly given by the court in favor of appellee, Hartford Accident and Indemnity Company, in a suit against it by ˙Jacksonville Paper Company on a fidelity bond executed by Hartford Accident and Indemnity Company.

˙The fidelity ·bond guaranteed the fidelity of any employee of the Jacksonville Paper Company. · Among those employees ·was Charles J. Villar. The indemnity was against loss on account of theft and embezzlement, among other causes. Villar became an employee of the Jacksonville Paper Company on November 20, 1939 and continued in such employment until July 1941. The fidelity bond covered the period up to October 30, 1940. Prior to September 9, 1940 Villar was a truck driver for Jacksonville Paper Company, and ˙the limit of liability on the bond for him up to that time was $900. On September 9, 1940 he was advanced to the position of shipping clerk for the Jacksonville Paper Company, and the limit of Hartford's liability on his account as such shipping clerk was then fixed at $1500. On July 11, 1941 after the bond sued upon had been cancelled as of October 30, 1940, it was ascertained that Villar had been engaged in embezzlement or · larceny, as the case might be; , Just when that occurred and the amount of ˏit could not easily be established. As truck driver he did not have the opportunity to steal and embezzle as much as when he became ˏshipping clerk.

■ There was no record evidence of any such default on his part while the ˏbond was in force. On July 11, 1941 he was accused of such default, and ˏhe admitted the same, which admission was made to a private detective in Mobile and in the pres-. ence of the local manager of the Jacksonville Paper Company. The detective died without his testimony being given. The local manager was not examined as a witness. Villar himself testified as a witness for the plaintiff. His testimony is to the effect that his peculations did not. exceed $200, and that all of it had occurred within two or three months prior to July 11, 1941. It was necessary, in order to establish a claim by Jacksonville Paper Company against Hartford that his peculations occurred prior to October 30, 1940 when Hartford ceased to become liable. So that, if Villar's testimony is true ·that it·all occurred within two or three months prior to July 11, 1941, there would be no liability by Hartford to˙ Jacksonville Paper Com-

134

pany on account of said claim.. The burden of proof was upon the plaintiff to reasonably satisfy the jury that there were some such peculations prior to October 30, 1940. Villar's testimony did not establish that fact.

Plaintiff then offered as evidence a written communication signed by Villar, dated July 11, 1941, in which he confessed "to having been dishonest while under your employ, by taking money rightfully belonging to your company and converting to my own personal use. To the best of my ability, I estimate the amount that I have taken to be, not less than twenty-five hundred ($2500.00) dollars. I, Charles J. Villar of sound mind do hereby estimate that I have stolen twenty-five hundred dollars from sales that I have made. While in the employ of your company I took this money at various times in amount, with full and complete knowledge that I was doing wrong." There were other expressions of sorrow and hope, not necessary to quote. Another communication was signed by him, apparently at the same time, and was addressed individually to the president of the Jacksonville Paper Company. It did not give any more detail than that contained in the other letter.

In testifying as a witness Villar undertook to excuse himself by reason of the low wage he was receiving, his large family, the ease of doing it and the manner in which it was done, and estimated the amount as not exceeding $200. While he was shipping clerk customers would come in and buy goods, of which he would make no record but would collect the money and put it in his pocket. Sometimes in billing out goods for delivery by truck the bill would show insignificant amounts whereas large items would be put in the truck and they would be sold by the truck driver and the proceeds divided with Villar.

An effort was made to obtain evidence of what it was claimed Villar told the detective McCaffrey at the time the communication of July 11, 1941 was signed, in which it was sought to show that he told McCaffrey that his peculations had been averaging about $25 a week for about one hundred

weeks, and particularly sixty-six weeks, whereby it is claimed that Hartford was liable on his bond to the full limit of its liability, and for which a claim was made of $1650 sued for in this case. Evidence, however, was not made to that effect although there were several efforts to try to get into evidence his statements. The court overruled objection to the written communications signed by Villar on July 11, 1941.

In order to dispose of the legal question involved, it is not necessary to recite other features of the trial or other defenses made by Hartford.

■■ As stated at the outset, the court gave the general affirmative charge in writing at the request of Hartford, properly hypothesized, and that is the only assignment of error appellant has made. That charge was properly given if there is no legal evidence in the record from which the jury could reasonably draw the conclusion that Villar embezzled or stole money or effects from Jacksonville Paper Company prior to October 30, 1940, while he was in the employ of said company and while the fidelity bond was outstanding. The court should have sustained the objection made by Hartford to the offer of those written communications of July 11, 1941 as evidence against Hartford. The only value of such communications is in the nature of admissions by Villar as evidence against Hartford.

The effort here is not to obtain a judgment against Villar, but against the Hartford Accident and Indemnity Company.

We have had occasion to consider the admissibility of such admissions in the nature of confessory statements by a principal, such as Villar, in the trial of a suit against the surety on a fidelity bond. Although the authorities throughout the country are divided upon the subject of whether they are admissible, the conclusion reached by our cases is that their admissibility as evidence in such a suit depends upon whether or not at the time they were made the principal, that is the employee whose fidelity is guaranteed such as Villar, was at

the time of making the statement still in the employ of the obligee in the bond and whether at that time the bond was in full force and effect. United States Fidelity & Guaranty Co. v. Benson Hardware Co., 222 Ala. 429, 132 So. 622; Indemnity Ins. Co. v. Holiway, 233 Ala. 100(13), 170 So. 329; Pan American Petroleum Corp. v. Mullack, 232 Ala. 271, 167 So. 728; Graves v. Aetna Ins. Co., 215 Ala. 250, 110 So. 390; Lewis v. Lee County, 73 Ala. 148; Dennis v. Chapman, 19 Ala. 29; Casky v. Haviland, Risley & Co., 13 Ala. 314; Evans v. State Bank, 13 Ala. 787; Indemnity Ins. Co. v. Krone, 177 Ark. 953, 9 S.W.2d 33, 60 A.L.R. 1493.

It is therefore apparent that the court committed an error, favorable to appellant, in overruling the objection to those admissions made by Villar in the written communications of July 11, 1941. They were but hearsay statements and not legal evidence against Hartford; but appellant (plaintiff in the court below) was responsible for the error being made.

The general rule is understood to be that it is the province of the court to pass upon the legality of the evidence offered, and when the trial judge has permitted evidence to come in it is the duty of the jury to give it full force and effect as evidence and the jury cannot disregard it because they may think it was not legal evidence. But that is not the question here.

The question is whether, having erroneously admitted evidence, over the objection of defendant, there may be error for the court to give a charge to the jury which ignores the effect of such evidence.

The rule has been stated, 64 C.J. 784, § 664 to be that: "An instruction based upon incompetent evidence improperly admitted (or * * *) is erroneous, especially where objected to and the objection overruled". There are some variations noted in the text, not here material. There are many cases cited in the notes which sustain the principle. Some of them are as follows: Dodson v. Loaleen Mutual Benefit Assn., 247 Ill.App. 283; Ocasek v. Chicago City Ry. Co., 225 Ill.App. 350; Williams

v. Atkinson, 152 Ind. 98, 52 N.E. 603; Finck v. Schaubacher, 34 Misc. 547, 69 N.Y.S. 977; St. Louis & S. F. R. Co. v. Hart, 45 Okl. 659, 146 P. 436; Norfolk & Western R. Co. v. Stevens' Adm'r, 97 Va. 631, 34 S.E. 525, 46 L.R.A. 367; Anderson v. Lewis, 64 W. Va. 297, 61 S.E. 160.

We entertain the view that those authorities correctly state the principle. The effect of it is, conversely stated, that when the court grants a charge of that sort requested by defendant, when plaintiff's case is dependent wholly upon illegal evidence which the court has admitted over objection, it should be affirmed. The court in doing so is in effect excluding that evidence and reversing his ruling as to it. It would not be necessary under those circumstances to go through the formality of stating that he is reversing his ruling and sustaining the objection and, therefore, directing the jury not to find for the plaintiff.

It is not to be supposed that such a status interferes with the well settled principle that when a question of fact is submitted to the jury they must accept as legal evidence all of that which the court has permitted to come in as evidence. The result which we have here approved is closely confined to the situation where there is no other evidence upon which there can be a finding for the plaintiff than that which was improperly permitted to go to the jury, and when its exclusion leaves the plaintiff without anything upon which to rest a verdict.

It results that the affirmative charge was properly given as requested for the two reasons we have stated. The judgment should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the CHIEF JUSTICE under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.